## B. F. JACKSON v. H. W. MARTIN.

### Decided January 7, 1905.

**1.—Limitations—Breach of Contract—Fraud.**

In an action for breach of contract limitation is no bar to the defense of fraud, accident or mistake set up by the defendant.

**2.—Fraud—Evidence.**

Fraud may be shown by circumstantial as well as by direct and positive evidence.

**3.—Sale of Land—Abstract of Title.**

Where in a contract for the sale of land the seller agrees to furnish an abstract of title such that a loan could be obtained on the vendor's lien notes to be given by the purchaser, and the seller fails to furnish such an abstract, he is not entitled to recover damages for the buyer's refusal to complete the purchase.

**4.—Same—Written Contract—Omission—Evidence.**

Parol evidence held sufficient to show that an agreement that the seller was to furnish an abstract of title was inadvertently omitted from a written contract of sale.

Appeal from the District Court of Johnson. Tried below before Hon. W. Poindexter.

*J. F. Henry, I. A. Patton* and *J. M. Moore,* for appellant.

*Ramsey & Odell* and *H. P. Brown,* for appellee.

RAINEY, Chief Justice.—This suit was brought by appellant against the appellee to recover damages for the breach of a contract for the sale of land. A trial resulted in a verdict and judgment for appellee, from which this appeal is prosecuted.

Plaintiff alleged the execution of a written contract by both parties, specifying an agreement to sell and an agreement to purchase. Also that there was a mistake in the contract in reciting the consideration to be $13,343, instead of $14,000, the real price agreed upon, and the amount of land as 350 acres, instead of 394 acres, the true amount, and prayed for $1,500 damages and for special damages.

Defendant answered by general denial, and specially that as a condition precedent to his purchase plaintiff agreed to furnish an abstract of title to the land in which he had failed, and that said agreement had been omitted from the contract by fraud, accident or mistake. Plaintiff interposed an exception to defendant's special answer on the ground that said defense was barred by the statute of limitation, which exception was overruled, and this ruling forms the basis for the first assignment of error. This assignment we do not consider well taken. Limitation was no bar to. the defense set up by defendant. He had a right to show that plaintiff was to furnish an abstract of title as a condition precedent to exacting a compliance of the contract by him.

There was no error in the court submitting to the jury the issue whether or not plaintiff fraudulently procured the omission from the contract of the agreement to furnish defendant with an abstract of title to the land. It was objected that there was no evidence whatever to warrant the submission of this issue. It is true that there is no positive evidence as to plaintiff perpetrating a fraud, but when we consider all the circumstances that surround the transaction we are not prepared to say that the giving of the charge was error.

The court gave a special charge requested by the defendant as follows: "If you believe from the evidence in this case that the loan company to whom the abstract in question was submitted did not approve said title, and would not have made the loan if the defendant had signed the notes tendered him, you will find for defendant."

One of the conditions in the contract was that Jackson should procure a loan on the notes, and if he failed by reason of an imperfect title, Martin was to be released from all liability. Jackson contended that he had negotiated a loan, but it is shown that the only loan company to which he had applied for a loan had returned the abstract of the land

for the purpose of having the defects cured, which had never been done. The defects were numerous, and it would have been useless for defendant to have executed his notes, unless that alone was all that was necessary to secure the loan. It is not sufficient to say that defendant contracted to execute the notes and that he was required to do so before plaintiff was to attempt to secure the loan. Defects in the title were pointed out to plaintiff, and it was his duty to present a good title, and until he did this, defendant was not bound to comply with the contract. The evidence raised the issue, and there was no error in submitting it to the jury.

It is contended that the verdict and judgment are not supported by the evidence in that neither fraud, accident or mistake was shown in omitting from the contract a stipulation that, as a condition precedent, plaintiff was to furnish an abstract of title.

The evidence is conflicting on this issue. It is true that the contract was read over to defendant before it was signed by him, and he did not suggest the omission. Defendant swore that it was understood between him and plaintiff before the contract was signed that plaintiff was to furnish an abstract of title to the land and that defendant should have time to examine it. There is testimony corroborating his statement and tending to show that plaintiff so understood the contract.· Defendant further states that he thought the stipulation was in the contract and never knew any better until this suit was filed. Knox, who drew the contract, says that at the time the contract was signed there was considerable confusion and that portions of the contract were left out through inadvertence. It is clear from the reading of the contract that it does not show the agreement made between the parties. It states the consideration to be $13,343, when it should have been $14,000; it gives the number of acres 350 when it should have been 394. It recites that the deed and notes had been executed when such was not the case. It contemplated that a perfect title should be conveyed, but the evidence shows that plaintiff had presented the abstract to a loan company, which had pointed out numerous defects, which the evidence fails to show plaintiff had cured.

It was incumbent upon plaintiff to show a good and perfect title in himself, or at least one on which money could be borrowed, and not having done so he is not entitled to recover.

The evidence sustains the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.