# ANDREW REID MYERS

## *vs.*

# STATE OF MARYLAND.

*Prosecution for Larceny—Evidence—Examination of Witness—*
*Memoranda.*

On a prosecution for the larceny of an automobile, the State may show the condition of the car both when it was stolen and when it was recovered, and that the engine numbers had been changed. p. 498

A witness may properly testify that he and another were the owners of the stolen car. p. 498

A witness could properly be asked whether he had himself verified the number, on a card given him by another, which purported to be the motor number of the stolen automobile.
p. 499

On a prosecution for the larceny of an automobile, a receipt given by the person from whom the automobile was purchased by the alleged owner, *held* inadmissible to prove ownership, it being hearsay. p. 501

A memorandum, though not in the handwriting of the witness in connection with whose testimony it is offered, is admissible if he examined it when it was first made, had knowledge of the facts it recorded, then believed it to be accurate, and still so believes. pp. 501, 502

A request to reverse a judgment of conviction for insufficiency of the evidence, not based on any exception contained in the record, or on any ruling of the lower court, will be refused.
p. 502

*Decided January 12th, 1921.*

Appeal from the Criminal Court of Baltimore City (BOND, J.).

The cause was argued, together with that next preceding, before BOYD, C. J., URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Issac Lobe Straus,* with whom was *J. Paul Schmidt* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* and *Lindsay C. Spencer, Assistant Attorney General,* with whom was *Robert ᵗ. Leach. Jr., State's Attorney for Baltimore City,* on the brief, for the State.

OFFUTT, J., delivered the opinion of the court.

Andrew Reid Myers, the appellant, was tried and convicted in the Criminal Court of Baltimore City on the 15th of March, 1920, of the larceny of an automobile, and sentenced to be confined in the Maryland Penitentiary for ten years, the sentence to run concurrently with like sentences in two other cases.

The indictment contained two counts, in the first of which the appellant was charged with the larceny of the automobile, and in the second he was charged with having and receiving it knowing it to have been feloniously stolen.

The automobile was the property of Calvin C. Baker and Charles H. Lambeth, of Norfolk, Virginia, and had been driven from Cape Charles, Virginia, to Baltimore by Mr. Baker, who left it there with Mr. Lambeth on August 12th, 1919. On August 13th, Mr. Lambeth left the car in front of the Maryland Theatre while he attended a performance at the theatre and, when he returned after the performance to where he left it, it was no longer there. He reported the loss to the police, and gave such identifying numbers and marks as he remembered and which might aid them in locating it. On October 25th two detectives of the detective department of Baltimore noticed an automobile at the Hudson Service Station, the engine numbers of which had been changed, and when Myers, who proved to be operating the car, called for

it and was about to drive it away, they arrested him.  Myers, when asked about his possession of the car, said that he owned it and had bought it from a man by the name of Kane. This machine was subsequently identified by Lambeth and Baker as the car which had been stolen on August 13th, and Myers was indicted for the larceny thereof.  His defense was that he had bought the machine in good faith from Joseph W. Kane, who lived at 4102 Park Heights Avenue, Balti- more, on the 21st of August, and that when he bought it he took a bill of sale for it from Kane, but that this bill of sale and his own registration card had been removed from the automobile while it was stored at Griffin's Garage, or after it had been taken from there by the Police Department, and he denied knowledge of any changes in the numbers on the car.

During the course of the trial exceptions were reserved to the rulings of the court in respect to the admission of evi- dence, and these rulings are the subject of the fifteen bills of exceptions which the record presents for our consideration.

The first exception relates to the action of the court in permitting a witness for the State to testify that the engine numbers on the automobile referred to in the testimony had been changed.  The ground for this exception is not appar- ent, and in our opinion the evidence was properly admitted. The appellee was unquestionably entitled to show the condi- tion of the car both when it was stolen and when it was recovered, and if the engine numbers had been changed, there is no reason why the jury should not have been told of that fact.

Calvin C. Baker testified that he and Charles H. Lambeth owned the automobile in question together.  The traverser objected to this evidence, and to the action of the court in overruling this objection the fifth exception was taken.  We find no error in this ruling.  The ownership of the car was a relevant fact, and Baker as the purchaser thereof was a competent witness to prove it.  The witness, Calvin C. Baker,

having testified to the value of the automobile and that he
had the original motor number "in his pocket," was asked if
he "had any card or anything bearing the original motor
number." This question was objected to, and the objection
overruled, and the witness answered that the card in question
was a plain card given by the Automobile Commissioner; that
he got the card from the Hudson people when he notified
the Hudson people his car was lost, and when he had the car
insured he had to give the number which he got from where
he bought the car; that he had the number he gave the insur-
ance people, the motor number, in his pocket, and he was
then asked to refer to the memorandum. The appellant
objected, and the witness was then asked by the court: "Did
you check it up yourself to see that the number was on the
engine?" and he replied, "Yes, sir." After the card was
shown to the judge presiding at the trial, he asked the wit-
ness the following question: "You say you checked the
number up with the actual motor?" to which he answered,
"Yes, sir." Objection to this question was also overruled,
and these rulings are the subject of the sixth and seventh
exceptions. These two questions were clearly preliminary and
could not possibly have injured the appellant, and there was
no error in allowing them to be asked. It cannot be assumed
from anything contained in the record that the card or memo-
randum, referred to in them, was either referred to by the
witness to refresh his recollection, or offered in evidence, but
on the contrary the last reference clearly referring to it was
that of the presiding judge, who said: "I do not see how it is
permissible." It does not appear to have been used or admit-
ted in evidence.

The same witness was then handed a paper and asked to
state what it was. The defendant objected and the State
made the following offer: "I want to lay the foundation and
show where this memorandum was made, and the examina-
tion that he made of the car and that there was a checking up
at that time." An objection to this offer was overruled, and

the witness again asked to tell what the paper was. The objection to this question was also overruled, and the witness replied that the paper was a receipt for the car from Mr. Aaronson, New York, from whom he bought the car; that the receipt bears the motor number and that he had compared the motor number on the receipt with the motor number on the car himself, and the comparison was made when he bought the car on July 5th, 1919. He was then permitted over defendant's objection to read the receipt to the jury. These rulings are the subject respectively of the eighth, ninth, and tenth exceptions.

The testimony involved in the eighth and ninth exceptions was clearly preliminary, and since it could not have injured the defendant, it is sufficient to say that there was no error in the rulings in respect to it.

The appellant in his brief assumes that the "receipt" offered in evidence and referred to in the tenth exception, was the "card" referred to in the seventh and eighth exceptions, but not only is there nothing in the record to warrant that assumption, but on the contrary the record clearly indicates that the "receipt" and the "card" so referred to are different papers, and as we are bound by the record before us, from which alone we can be informed of the facts of the case, they will be treated as separate and distinct, and not as one and the same paper. The witness testified that the "card" was "given by the Automobile Commissioner and that he got it from the Hudson people," while the "receipt" was from the man who sold the car, "given him at the time," and, as his is the only testimony on the subject, it is apparent that the "card" was not the "receipt" referred to by the witness. The question then is, was the "receipt" properly admitted in evidence? It may have been offered either to prove Baker's ownership of the car, or to prove the original motor number.

One of the questions in issue was the ownership of the automobile. The State charged that the car was the property of

Calvin C. Baker and another. The defendant, on the other hand, contended that the car was his and that he had bought it in good faith from one who claimed and apparently was its owner. If that was true, he could not have been guilty of stealing the car, and whether it was true was the most important fact in the case, and the receipt, being merely the unsworn statement of a third party that he had sold the automobile to Baker, violated the rule against hearsay and was not competent evidence to prove that fact. *Leatherbury* v. *Bennett,* 4 H. & McH. 392; 29 *L. R. A.* 737; *Doherty* v. *Doherty* (Mo.), 34 S. W. 1112. But while it was not admissible in connection with the issue of ownership, it was admissible as a memorandum showing the engine number of the car made at the time it was sold to Baker, to prove what that number was. *Conner* v. *Mt. Vernon Co.,* 25 Md. 55. The paper was not in the handwriting of the witness, but he had compared the "motor number on the receipt with the motor number on the car" when he bought the car.

It has been held that where a witness is unable, after examining a memorandum, "to testify to an existing knowledge of the fact, independently of the memorandum, but can testify that, at or about the time the writing was made, he knew of its contents and of its truth or accuracy," both the memorandum and the "testimony of the witness" are admissible; that "the two are the equivalent of a present positive statement of the witness, affirming the truth of the contents of the memorandum" (*Jones on Evidence,* par. 883); or, stated in another way, that "where the witness cannot refresh his memory as to the facts, he must be able to state that because of such memoranda he knows the facts therein referred to existed." *Wharton on Cr. Ev.,* par. 203. And the rule in this State is even broader, for in *Owens* v. *State,* 67 Md. 307, it was said: "If the witness swears that he made the entry or memorandum in accordance with the truth of the matter as he knew it to exist at the time of the occurrence, whether he retains a present recollection of the facts

or not, the entry or memorandum is admissible." Nor is it necessary that the witness should have made the memorandum himself, for if he recognizes it as one which he examined at the time it was made and knew it to be true then, and at the time of his examination still believed it to be true, it should be given the same effect as if he had himself made or written it. *Green* v. *Caulk*, 16 Md. 556; *Jones on Ev.* par. 877.

Applying these principles to the facts before us, in our opinion, there was no error in the admission of the receipt in evidence, for it is apparent from the evidence that the witness did examine the receipt when it was first made, and had knowledge of the facts it recorded, and believed it to be accurate then, for he made it the basis of his application for insurance on the car; and the receipt which he then examined was the same receipt produced at the trial which he still believed to be true.

The remaining exceptions were not pressed in this Court, and since an examination of them fails to disclose any error they need not be further discussed.

In the oral argument and in the brief filed in the case, counsel for the traverser asked the Court to reverse the judgment in this case on the ground that the evidence before the jury was not legally sufficient to warrant a conviction. This request is not based upon any exception contained in the record or on any ruling of the lower court and is without precedent or authority to support it.

It should be unnecessary to point out that in its consideration of appeals in criminal cases this Court cannot review or weigh the evidence, as it might do in appeals from courts of equity, and, as there is no exception in the record to which the request could refer, and in the absence of any reason or authority for it, it cannot be further considered.

For the reasons stated the judgment will be affirmed.

*Judgment affirmed.*