**FREEMAN et al. v. YOUNG.** (No. 8056.)

Court of Civil Appeals of Texas. San Antonio. Oct. 24, 1928.

Rehearing Granted Feb. 6, 1929. Rehearing Denied March 6, 1929.

Spencer, Rogers & Lewis and W. B. Teagarden, all of San Antonio, for appellants.

Thomson, Dilworth & Marshall, of San Antonio, for appellee.

COBBS, J. John Young, appellee, sued J. D. Freeman and City National Bank of San Antonio, appellants, for $500 deposited as liquidated damages should Freeman fail to purchase the land offered by appellee. Young was to furnish Freeman an abstract of title showing good and merchantable title in Young, and the title was to be passed upon by Freeman's attorney.

The money was deposited in appellant's said bank. Freeman failed to carry out the trade, whereupon Young brought this suit to recover the money deposited in escrow.

W. B. Teagarden, an attorney and friend of appellant, made the deposit required in the bank, with the understanding that it should remain up for 10 days only, and if the trade was not consummated within that time the money was to be withdrawn and returned to him.

The trade fell through through no fault of Freeman, because Freeman was not purchasing the land for himself but for certain purchasers in Iowa who were to pay for the land and take title in the name of the purchaser, and because of the delay of Young in timely furnishing the title for the Iowa parties, who were nonresidents of the state, they declined to longer delay after the 10 days'

time in waiting in San Antonio and returned home; and thereafter declined to carry out the trade.

We think the facts are fully covered by the findings of the trial court, which are as follows:

"I find that upon the trial of this cause the following facts were established, to-wit:

"1. That on or about January 11th, 1923, the plaintiff, Jno. Young, and the defendant, J. D. Freeman, entered into a contract and agreement wherein plaintiff agreed to sell to the defendant Freeman certain lands situated in Brewster County, Texas, in which agreement the defendant Freeman agreed to place the sum of Five Hundred Dollars ($500.00) cash in escrow with the defendant City National Bank of San Antonio, Texas, to be delivered to the plaintiff Young in the event that the defendant Freeman failed or refused to perform his agreement and pay for the land upon the plaintiff tendering abstracts of title, showing good merchantable title to the lands, and a warranty deed conveying the lands to defendant, Young;

"2. That the defendant Freeman caused a deposit of Five Hundred Dollars ($500.00) to be made with the defendant Bank, which sum was accepted by the bank, but under certain terms and conditions that were different from the terms relating to such deposit as contained in the contract between Young and Freeman; that the defendant Bank notified Young that Freeman had made the deposit under the agreement between Young and Freeman and that Young acted upon such information and proceeded to comply with his agreement with Freeman.

"3. That Young tendered abstracts of title and warranty deeds to Freeman both of which were accepted by Freeman under his contract with Young.

"4. That Freeman failed and refused to comply with his agreement with Young and failed to pay for the lands as contracted for and wholly made default in his contract with Young.

"5. That intervener, W. B. Teagarden, actually made the escrow deposit with the defendant City National Bank of San Antonio, Texas, for the benefit of the defendant Freeman, but that before making. such deposit, the said Teagarden notified an officer of the Bank that he, Teagarden, was personally making such deposit for the benefit of Freeman and that as a condition of the escrow deposit plaintiff, John Young, was to comply with his contract with Freeman within ten days from and after January 30th, 1923; and that at the time of making such deposit, Teagarden again notified the defendant bank in writing, such writing being attached to the deposit, that as a condition of the deposit, Young was to comply within ten days from the date of such deposit, to-wit, January 30, 1923, and that the bank accepted such deposit with such conditions attached.

"6. That the defendant Bank failed to notify Young of the ten day provision in the escrow deposit and that Young had no notice of the same or of any of the interest of the intervener Teagarden's interest in the matter;

"7. That Young failed to furnish the abstracts of title and deed within ten days after the making of said escrow deposit of January 30th, 1923.

"Conclusions of Law.

"The court concludes as a matter of law:

"1. That plaintiff Young is entitled to judgment against the defendant Freeman and the defendant Bank for the sum of Five Hundred Dollars as liquidated damages under his contract with Freeman and the Bank.

"2. That Intervener W. B. Teagarden is entitled to judgment against the Defendant, City National Bank of San Antonio, Texas, in the sum of Five Hundred Dollars ($500.00) under his agreement with the Bank at the time that the escrow deposit was made.

"3. Both plaintiff and intervener, by their respective attorneys, having in open court having waived their claims against the Bank for interest on said sums and having waived their claim for the costs of court, judgment for interest and costs were not allowed as against the Bank."

We adopt the findings of fact as being supported by the evidence, but do not adopt the conclusions of the court.

While this suit was brought by and for the use and benefit of appellee, the evidence shows that the title to the land belonged to him and to Sartwell, who was not a party to the suit, and no explanation was made why he was not joined herein as a partner.

We do not think the court erred in granting a judgment in favor of intervener for the amount of the deposit of $500, because he advanced the money and it was his money that was deposited. But we can perceive of no theory under the facts that would justify any judgment whatever in favor of appellee.

The judgment in favor of W. B. Teagarden will be affirmed, and the judgment in favor of appellee will be reversed and here rendered in favor of the bank against appellee, with all costs of this suit.

## On Motion for Rehearing.

SMITH, J. █ We have concluded that Teagarden is entitled to recover the deposit. Freeman was wholly unable to advance the amount of the deposit, or any part of it, and Teagarden, as a matter purely of accommodation, advanced it for him, by giving his note to the bank for the amount required. Freeman had no credit with the bank, but Teagarden had. So, the latter consented to the use of his credit, and the bank set aside the fund as the required deposit. Teagarden advanced the money upon the express condition that the proposed sellers of the land furnish to the bank abstracts showing good title and

proper conveyance of the land to the proposed purchaser, within 10 days. In lending his credit he had the undoubted right to protect it with any condition he saw fit to impose, and he exercised this right by imposing the conditions named. The transaction thus took the form of a special contract between the bank and Teagarden, whereby the bank became obligated to return the deposit to Teagarden in the event of the failure of Young to deposit the required abstracts and deeds with the bank within 10 days; on the other hand, had Young furnished the deeds and abstracts within that period, Teagarden's right to the return of the deposit would have ceased, and the bank would have become obligated to pay over the deposit to Young. It being conceded that Young did not comply with these conditions within the stipulated period, Teagarden's right to the return of the deposit was fixed.

It did not matter to Teagarden or the bank that Freeman was under obligation to Young to deposit the escrow fund subject to appropriation to Young at any time within 30 days upon his compliance with his obligation to furnish the deeds within that period; for no matter how closely related were the transactions, the Teagarden-Bank contract was special in its nature, and the rights and obligations of the parties thereto were enforceable according to its terms, without reference to the Freeman-Young contracts, in so far as the provisions of the two contracts were in conflict. The period of the option provided for in the two contracts conflicted, as a matter of course, and while those provisions coordinated and were enforceable as one for the period of 10 days, they diverged at the expiration of 10 days, when the rights of the respective parties became enforceable according only to the terms of their respective contracts. Hence, when the 10-day period lapsed without event, Teagarden's right to withdraw the deposit was fixed, and Young could no longer assert an interest in it.

Moreover, it appears that Young was promptly advised of the deposit made, and of its purposes, and that he equally as promptly repudiated it, refusing to proceed with the negotiations, thereby cutting himself off from any rights thereunder. He never did tender performance to Freeman, in accordance with his obligations, and never earned the deposit in controversy. As a matter of fact, he was acting more as an agent of Sartwell than for himself, while Freeman was acting as an agent of Watson, the proposed purchaser. Both principals appear to have been so exacting that their agents could not satisfy them, and neither of them, nor their agents, have shown themselves entitled to any relief in this case.

We conclude that our original opinion and judgment correctly disposed of the appeal, and that opinion will be reinstated. Accordingly, the judgment entered herein on December 22, 1928, will be set aside, the opinion thereon withdrawn, and judgment will now be entered that appellee W. B. Teagarden do have and recover of the City National Bank the sum of $500 deposited with it by the said Teagarden; and, further, that appellee Young recover nothing in this suit against either of said parties, W. B. Teagarden, the City National Bank, or J. D. Freeman. It is further ordered that appellee John Young pay all costs of this and the trial court.