**ROBERTSON v. MELTON.**

No. 13196.

Court of Civil Appeals of Texas. Fort Worth. July 13, 1935.

Rehearing Denied Sept. 20, 1935.

Kilgore & Rogers, of Wichita Falls, for appellant.

Bonner, King & Dawson, of Wichita Falls, and Underwood & Strickland, of Amarillo, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment for plaintiff upon a verdict in a suit for damages for breach of contract to exchange real estate.

The contract described the land of appellee as "being 1,735 acres of land situated in Deaf Smith county. This being known as the W. W. Cander's tract and being land conveyed to H. W. Melton by J. L. Riley." It required appellee to pay three years' back taxes on same and accrued interest, to furnish abstracts showing merchantable title. It required appellant to accept such title within ten days or state his objection thereto in writing and further provided:

"Consummation of this contract shall depend upon the rearrangement of the payment of the above notes held by Dr. C. L. Edgar, J. E. Persons, J. F. Persons, whereby said notes may be paid in annual installments of $1,000.00 each together with interest at 6% per annum, said arrangement to be made by not later than August 13, 1931." Also: "No change or addition in this contract shall be made except in writing signed by both parties or their agents."

Appellee introduced the contract, but did not offer evidence of the deed to him from Riley or the description in said deed of the premises, and appellant insists that because of the failure of appellee to prove the latter's ownership or ability to convey any particular tract of land, the motion for a peremptory instruction for defendant should have been granted.

This being a suit for damages, the particularity and exactness of the description of the land appellant was to have received by the contract is of less importance than if the ultimate issue were the title and possession. Hopedale Electric Co. v. Electric Storage Battery Co., 132 App. Div. 348, 116 N. Y. S. 859. Whatever the outcome of the trial below, the judgment would have been either for money or nothing. The plaintiff must make out his case and inability to perform his contract prevents his recovery. Jackson v. Martin, 37 Tex. Civ. App. 593, 84 S. W. 603; Freeman v. Young (Tex. Civ. App.) 14 S.W.(2d) 114. But the appellant took no exceptions, either in pleading or by objection to the evidence, to claim the insufficiency of the description in the contract. In a suit for damages where the title to and description of the

land involved is in the sense that it is necessary only as a predicate to the ultimate issues between the parties, the insufficiency of description of the land is not fundamental error. Bland v. Cruce (Tex. Civ. App.) 238 S. W. 720; 14 Tex. Jur. 1026. The exact description by metes and bounds was in evidence in the letter written to Robertson by the mortgage holders in offering to rearrange the payments of the mortgage debt. To this letter the appellant pleaded the statute of frauds and we do not rest our decision on such description of it, but cite it to show that the want of description of the land was not a substantial matter and would have surely been cured by the introduction of Melton's deed, referred to in the contract, had the appellant raised the issue before judgment. The error, if any, is not fundamental and is harmless. The assignment is overruled.

Appellant complains that appellee did not fulfill his obligation to obtain a rearrangement of the second liens so as to be payable $1,000 per year plus interest. The holders of those notes executed a written offer that upon appellant's promise to pay the accrued interest on the first mortgage ($1,619) and on the second mortgage up to September 1, 1931, they, the said holders of the second lien notes, would extend payment of such notes for appellee into four annual installments of one $1,000.00 each and the fifth for $1,866.64. This was delivered to the real estate agent handling this exchange and he presented it to appellant who orally stated that it was satisfactory. Appellee could have procured this last installment to be divided into two annual installments, one for $1,000, and would have done so except for this oral assent of appellant to the written offer aforesaid. Robertson delayed the closing of the trade by stating to appellee that he was having a suit with a local bank and did not want to put a deed of record affecting his property until that suit was settled, lest it cause attachments to be issued against him. After some months' delay, Robertson finally refused to carry out the contract.

We think Robertson is estopped to contend that the extension arrangement on the mortgage debt being for $1,866 for the fifth year instead of $1,000 that fifth year and $866.64 for a sixth, as provided in the original written contract, was a nonperformance by Melton. He assented to such arrangement as was offered in the letter and led Melton to believe it sufficient to delay any other effort to dispose of the land, relying on Robertson's statement, and later lost the land by foreclosure. Appellant urges that this estoppel in pais is not sufficient to take the case out of the statute of frauds, but we believe the law to be correctly stated upholding such estoppel in Keene v. Gold (Tex. Civ. App.) 27 S.W. (2d) 631, and Ridgell v. Farmers' Bank (Tex. Civ. App.) 275 S. W. 858, 859. Estoppel takes the issue out of the statutes against frauds to prevent frauds. Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216. Our views of the interpretation of that opinion have been heretofore expressed. Biggs & Co. v. Lokey (Tex. Civ. App.) 62 S.W.(2d) 665; Anderson v. Paschall (Tex. Civ. App.) 60 S.W. (2d) 1087. We are not able to believe the conduct of Robertson, found by the jury, can be explained by any other hypothesis than that he intended Melton to believe the mortgage rearrangement satisfactory to and binding upon him.

We have examined the other assignments of error carefully, but see nothing in them worthy of discussion. All assignments of error are overruled.

Affirmed.

## On Motion for Rehearing.

MARTIN, Justice.

Appellant moves for rehearing in this cause, assigning fifty-three alleged errors in the opinion of Associate Justice LATTIMORE, rendered July 13, 1935, affirming the judgment of the trial court. We have carefully examined this opinion and authorities cited, as well as the entire record in the case, and find ourselves in entire agreement with the former justice in his conclusions. Appellant also requests a number of additional findings, but we regard same as either not supported by the record or as unnecessary to the proper disposition of the case.

We think a fair interpretation of the opinion is to the effect that appellant by his own conduct estopped himself from claiming any benefits which might arise under the statuté of frauds, if in fact the contract was one within the statute.

As we view the case, when Robertson agreed to the terms of the letter from the mortgagees, Dr. Edgar, Persons, and Persons (which the jury found that he did), he was thereafter estopped from claiming

any benefits arising from the statute of frauds, R. C. L. vol. 25, § 343 et seq. and authorities there cited, since Melton, relying upon such agreement, ceased efforts to make any other trade and finally lost his equity in the land. We therefore overrule appellant's motion for a rehearing in this case.