Katherine NELSON, Appellant,

v.

UNITED STATES, Appellee.

No. 2142.

Municipal Court of Appeals for the
District of Columbia.

Argued March 31, 1958.

Decided June 12, 1958.

Motion for Clarification or Modification
Denied July 3, 1958.

Howard D. Levine and George R. Jacobi,
Washington, D. C., for appellant.

Walter J. Bonner, Asst. U. S. Atty.,
Washington, D. C., with whom Oliver
Gasch, U. S. Atty., and Lewis Carroll,
Asst. U. S. Atty., and Edward C. O'Con-
nell, Asst. U. S. Atty., Washington, D. C.,
were on the brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code,
§ 11–776(b).

CAYTON, Acting Judge.

Appellant was convicted of the larceny
of a radio. The important question on her
appeal is whether the Government proved
ownership of the stolen article.

In the statement of proceedings the radio
was described as being the property of
"Butler Federal Clothing Stores, Inc.,"
though the information did not allege such

a corporate status. During cross-examination the Government's only witness (a saleslady) said that "Mr. Butler" was "the owner of that store." There was no other testimony as to whether the store was owned individually or by a corporation. The prosecutor did show the witness a corporate seal but she was unable to identify it. Then, over objection of defense counsel, the prosecutor was permitted to introduce in evidence a small card bearing what purported to be an impression of the Butler corporate seal. There was no testimony to identify it as such, and no other proof or offer of proof of the corporate character of the owner of the stolen property.

■ We must hold that there was a failure of proof in this case. There is a fundamental requirement in every prosecution that the Government must, directly or circumstantially, prove the essential elements of the crime charged. In a larceny case one of the elements is ownership of the stolen property. McGilton v. United States, D.C.Mun.App., 140 A.2d 190; Myers v. State, 137 Md. 496, 113 A. 92. And when ownership is claimed to be in a corporation, such claim must be supported by evidence.

■■ The existence of a corporation may be proven by production of a charter or certificate of incorporation, by a license to do business as such, or "even by parol evidence of incorporation or of user or reputation * · * *" Bimbo v. United States, 65 App.D.C. 246, 82 F.2d 852, 855, certiorari denied 297 U.S. 721, 56 S.Ct. 670, 80 L.Ed. 1006. The requirement may be met by evidence tending to show that an organization was a de facto corporation and acting as such. Bord v. United States, 76 U.S.App.D.C. 205, 133 F.2d 313, certiorari denied 317 U.S. 671, 63 S.Ct. 77, 87 L.Ed. 539. The proof need not be of an elaborate or highly formal nature. But some proof there must be. Underhill, Criminal Evidence, § 593 (5th ed. 1957); 23 C.J.S. Criminal Law § 921.

■■ In this case there was no testimony whatever that the Butler organization was a corporation. Introduction of the unidentified seal impression was improper because it had no probative value. Courts do not judicially notice seals of private corporations. 18 C.J.S. Corporations § 175. Such seals are no more self-proving than the signature of a private individual. This is no mere technicality, and the law recognizes that "ordinarily it is a perfectly simple matter to prove [it] by parol testimony." See Wigmore, Evidence, § 2169 (3d. ed. 1940). Defendant's motion for dismissal should have been granted.

Reversed.