MARTIN v. STATE.

5042                                                  366 S. W. 2d 281

Opinion delivered April 8, 1963.

No brief filed for appellant.

*Bruce Bennett,* Attorney General, by *Russell J. Wools,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. The appellant, Minnie Lee Martin, was charged with first degree murder, convicted of second degree murder, and sentenced to twenty-one years in prison.

The proof would have sustained a verdict of guilty upon the more serious charge. The accused, a woman of 55, and the decedent, Rosie Lee Futrell, aged 26, lived across the street from each other in Texarkana. On the morning of the homicide the two women happened to meet in the home of two neighbors, Percy Williams and his wife. Minnie Lee had recently been reconciled with her husband, Charlie Martin, after an extended separation. Minnie Lee accused the younger woman of having "gone" with Charlie and insisted that in the future she leave Charlie alone. After a brief argument Minnie Lee drew a pistol from her pocket and fired three shots at Rosie Lee, inflicting fatal wounds.

The only real question for the jury was whether the appellant acted in self defense. There is no testimony supporting this defense except the accused's own statement that Rosie Lee was moving her hand along her dress, which led the accused to think she might be about to reach into a pocket for a knife. The jury was justified in rejecting this explanation. The deceased was apparently unarmed, while the accused had a loaded pistol. Minnie Lee testified that she was carrying the weapon because there was no lock on the door of her home; she was afraid the gun might be stolen if she left it at home. Obviously this flimsy explanation did not account for the incriminating fact that the pistol was loaded.

There was testimony that immediately after the crime the appellant voluntarily admitted to the arresting officers that she had shot the deceased. The only timely objection to this proof was based on the fact that the accused's declaration did not amount to a detailed confession. Even so it was competent as an admission. *Reed* v. *State,* 102 Ark. 525, 145 S. W. 206. Later on there was a motion to strike all the testimony of both officers, on the ground that the accused's statements were not shown to have been voluntary. Even though we think the voluntary nature of

the admissions to have been a question for the jury, the point is actually immaterial. Most of the officers' testimony was clearly admissible; so in any event the motion to exclude *all* their testimony was properly denied. *Buchanan* v. *State,* 214 Ark. 835, 218 S. W. 2d 700.

Minnie Lee at first told the officers that she had thrown the pistol into an outdoor toilet. When the weapon was not found there the coroner, with the permission of Minnie Lee's husband, searched the Martin home and found the gun in a chest of drawers. We find no reversible error in the court's action in permitting the State to introduce the pistol in evidence. Even if the weapon had been inadmissible it does not appear that the appellant could have been prejudiced. Both Percy Williams and his wife, witnesses for the State, testified that Minnie Lee shot the deceased. The two arresting officers testified that Minnie Lee admitted the shooting. As a witness in her own behalf Minnie Lee stated without hesitation that she shot Rosie Lee. The fact that the decedent was shot by the accused with a pistol has been throughout the case an undisputed fact, established by the testimony offered both by the prosecution and by the defense. We are unable to see how the appellant could have been prejudiced in any manner whatever by the fact that the jurors were permitted to see the pistol.

After the case was submitted to the jury the jurors deliberated for about an hour before being excused for the night. The next morning the court gave an instruction urging them to reach a verdict if they could conscientiously do so. At that point the court correctly denied the defense attorney's request for permission to make an additional argument to the jury. Such a request is properly granted when a supplemental instruction brings into the case a new rule of law for the jury to consider, *Jackson* v. *State,* 216 Ark. 341, 225 S. W. 2d 522, 15 A. L. R. 2d 484; but here the court's additional charge did not have that effect.

We do not find any other issue of sufficient merit to require discussion.

Affirmed.

Holt, J., not participating.