**Reginald W. ATKINSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7634.**

District of Columbia Court of Appeals.

Argued April 15, 1974.

Decided July 10, 1974.

Michael J. McCarthy, Washington, D. C., appointed by this court, for appellant.

James N. Owens, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst., U. S. Atty., were on the brief, for appellee.

Before FICKLING and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

This appeal is from convictions for armed robbery,[1] assault with a dangerous weapon,[2] receiving stolen property,[3] and carrying a pistol without a license.[4] The sentences were concurrent; the longest, 6–18 years, was imposed on the armed robbery count. Appellant assigns as error (1) the court's supplemental instruction to the jury on aiding and abetting, and (2) the denial of his motion for a judgment of acquittal on the receiving stolen property count.

The testimony at trial established that on the evening of January 26, 1973, a cashier at a local drugstore was robbed at gunpoint by two men. Appellant was identified as the possessor of the weapon. His companion, who took the money from the clerk, was never apprehended. As the robbers left the store a plainclothes security officer, who was joined by two officers of the Metropolitan Police Department, pursued them and, after a short chase punctuated by exchanges of gunfire, appellant was apprehended. During the chase appellant was observed to throw an object into nearby bushes. Recovered from the bushes was a gun and, from appellant's clutched hand, $6.00 in cash.

At the close of the evidence, the jury was instructed as to the elements of robbery, armed robbery, assault with a dangerous weapon, receiving stolen goods, and carrying a pistol without a license. The prosecution did not request an instruction on aiding and abetting and the trial judge did not give, sua sponte, such an instruction. Counsel, both for the government and for appellant, indicated satisfaction with the court's instructions.

After deliberating several hours, the foreman of the jury sent to the court a note which read:

First Count. Does it matter that Mr. Atkinson [appellant] did not receive the money from Susan Fisher?

.Foreman
Robert R. Hardy

The court, after discussing the contents of the note with counsel, re-instructed the jury on the elements of armed robbery and then gave, notwithstanding objection by appellant's counsel, a supplemental instruction on aiding and abetting. Two hours later the jury returned its verdict.

It is well established that the feasibility and scope of any re-instruction of a jury is a matter within the discretion of the trial judge. United States v. Wharton, 139 U.S.App.D.C. 293, 296 n.9, 433 F. 2d 451, 454 n.9 (1970); Mendelson v. United States, 61 App.D.C. 127, 129, 58 F.2d 532, 534 (1932). Appellant contends, however, that because—in the case at bar—the jury had commenced its deliberations, the court abused its discretion in giving the supplemental aiding and abetting instruction. We disagree.

The note from the jury clearly indicated the need for further instruction. By coupling a re-instruction on the elements of armed robbery with the supplemental aiding and abetting instruction, the court minimized the possibility of further confusion

1. D.C.Code 1973, §§ 22–2901 & 22–3202.

2. D.C.Code 1973, § 22–502.

3. D.C.Code 1973, § 22–2205.

4. D.C.Code 1973, § 22–3204.

in the minds of the jurors as they continued their deliberations. Certainly, such instructions were preferable to a general deadlock instruction. *See* Winters v. United States, D.C.App., 317 A.2d 530 (1974). In any event, appellant made no request for permission to present additional argument to the jury on the matters covered by the supplemental instruction. *Cf.* Martin v. State, 236 Ark. 409, 366 S.W.2d 281 (1963); Jackson v. State, 216 Ark. 341, 225 S.W.2d 522 (1949).

■ Appellant says, however, that aiding and abetting the commission of the armed robbery was a lesser included offense and that the supplemental instruction, in effect, permitted the government to change the theory of the prosecution after the jury had commenced its deliberations. No authority has been cited and we have found none which supports the proposition that an aider and abettor of an armed robbery is guilty of a lesser included offense. To the contrary, D.C.Code 1973, § 22–105 provides—in language crystal clear—that any person aiding and abetting the principal offender shall be charged as a principal. *See in this connection* Ladrey v. United States, 81 U.S.App.D.C. 127, 155 F.2d 417 (1946); In re Reeder, D.C.App., 264 A.2d 893 (1970).

Appellant's other assignment of error, viz., the denial of his motion for a judgment of acquittal as to the charge of receiving stolen property, is more troublesome. Though reversal of the conviction under this count will not affect the greater sentence of 6–18 years for armed robbery, we nonetheless consider the point. The indictment charged as to ownership that the stolen property, a pistol, was the property "of William J. Burns International Detective Agency, Inc., a body corporate. . . ."

At trial the following colloquy took place between the prosecutor and the Burns security officer who had custody of the pistol when it was stolen:

BY THE PROSECUTOR:

Q. Mr. Edwards, I'm showing you a pistol that's been marked as Government's Exhibit Number 1 for identification, and ask you to examine that and tell me if you recognize that pistol?

A. Yes, sir, I do, sir. This is the one that was taken from me.

Q. Are you sure that is your pistol?

A. That's the one.

Q. When this pistol was taken from you, who owned it?

A. Burns Detective Agency.

The government offered no other evidence regarding the ownership of the pistol.

■■ Urging reversal of his conviction on the receiving stolen property count, appellant contends that there was no evidence purporting to establish the corporate existence of the complainant and that, accordingly, the government failed to prove ownership of the pistol. We agree. As this court pointed out in Nelson v. United States, D.C.Mun.App., 142 A.2d 604, 605 (1958):

There is a fundamental requirement in every prosecution that the Government must, directly or circumstantially, prove the essential elements of the crime charged. . . . And when ownership is claimed to be in a corporation, such claim must be supported by evidence.

The existence of a corporation may be proven by production of a charter or certificate of incorporation, by a license to do business as such, or "even by parol evidence of incorporation or of user or reputation * * *" Bimbo v. United States, 65 App.D.C. 246, 82 F.2d 852, 855, certiorari denied 297 U.S. 721, 56 S.Ct. 670, 80 L.Ed. 1006. The requirement may be met by evidence tending to show that an organization was a de facto corporation and acting as such. Bord v. United States, 76 U.S.App.D.C. 205, 133 F.2d 313, certiorari denied 317 U.S. 671, 63 S.Ct. 77, 87 L.Ed. 539. The

proof need not be of an elaborate or highly formal nature. But some proof there must be. Underhill, Criminal Evidence, § 593 (5th ed. 1957); 23 C.J.S. Criminal Law § 921.

Significantly enough, in *Nelson* what purported to be an impression of the seal of the corporation involved was introduced into evidence, but was held to have no probative value—the court saying:

> . . . This is no mere technicality, and the law recognizes that "ordinarily it is a perfectly simple matter to prove [it] by parol testimony." See Wigmore, Evidence, § 2169 (3d ed. 1940). Defendant's motion for dismissal should have been granted.

 From this it follows that the judgment of conviction for receiving stolen property must be set aside. In all other respects the judgments of conviction are affirmed.

Affirmed in part; reversed in part.