Steven **JONES**, Appellant,

v.

**UNITED STATES**, Appellee.

Summerfield **BOYD**, Appellant,

v.

**UNITED STATES**, Appellee.

**Nos. 9329, 9367.**

District of Columbia Court of Appeals.

Argued April 22, 1976.

Decided Aug. 9, 1976.

Matthew W. Black, Jr., Washington, D. C., appointed by this court, for appellant Jones.

Leonard J. Koenick, Washington, D.C., appointed by this court, for appellant Boyd.

Mary H. Weiss, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., John A. Terry, William D. Pease and Peter A. Chapin, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before FICKLING, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

Appellants were convicted in a jury trial of two counts of armed robbery, violations

of D.C.Code 1973, §§ 22–2901 and –3202.[1] They were subsequently sentenced and these appeals followed. We affirm.

The government offered evidence at trial showing that on the afternoon of May 6, 1974, the appellants entered a sportswear store in southeast Washington. Shortly after they had entered, appellant Jones pulled out a gun, pointing it at the lone salesclerk's neck. The two of them then proceeded with the robbery, stealing about $95 from the cash register. After taking the register money, they forced the clerk to lie on the floor while they examined her purse. Though the clerk begged them not to steal her own money, the appellants took $100 in money orders and food stamps valued at $200 from the purse. They then fled with an alleged accomplice who had been in the store earlier.

On these appeals appellants allege three grounds for error, only one of which we need deal with at any length. That issue involves the quantum of proof necessary to show the ownership of the property taken. The indictments in these cases charged appellants with stealing and taking money "from the person and from the immediate actual possession of [the saleslady], property of value belonging to Leslie's Sportswear, Inc., a body corporate . . . ." At the first trial, the government failed to offer evidence of the corporate existence of Leslie's Sportswear by the production of either a corporate charter or a license to do business, or by parol evidence of incorporation. Appellants assert that because of this lack of proof, their motion for judgment of acquittal at the end of the first trial should have been granted and

the court's failure to do so is reversible error. Appellants point to the case of *Nelson v. United States*, D.C.Mun.App., 142 A.2d 604 (1958), which holds that in a prosecution for *larceny* from a corporation the government must prove the *corporate* ownership of the stolen property through proper evidence.

While this argument may have some surface appeal, it fails upon closer examination. Robbery is a crime against possession. This view is reinforced by the language of D.C.Code 1973, § 22–2901, which provides that, "[w]hoever by force or violence . . . shall take from the person or *immediate actual possession of another* anything of value, is guilty of robbery. . . ." (Emphasis supplied.) The *Nelson* case relied on by appellants dealt with the crime of larceny. In robbery, however, since it is an offense of stealing from the *possession* of another person, ownership need not be shown.[2] Appellants have failed to cite us to any case where the ownership of property stolen has been held to be necessary on a charge of robbery.

The money in the cash register was taken from the salesclerk as custodian for the store. Such evidence was ample to establish the possessory element of the offense of robbery.

Appellants also contend that one of the two convictions must be vacated since the robbery was but one transaction against a single victim. We disagree. The salesclerk had a personal possessory right in the money orders and food stamps taken from her purse as charged in count four, as distinguished from the separate and distinct nature of her control and pos-

1. The convictions occurred in a second trial, the first having ended in a mistrial after the jury had been unable to reach a verdict on the offenses charged.

2. The trial court clearly demonstrated the nature of robbery by hypothesizing a situation

in which a person is asked to hold a sum of money for another person who is unknown to him. While he is holding that money, someone comes along and holds him up, stealing all of it. As the court said, the thief could still be prosecuted for robbery despite the fact that the owner of the money was unknown.

session of the contents of the cash register as custodian for the store.

Appellants' other ground for reversal is without substance.[3] Accordingly, the judgment appealed from is

*Affirmed.*

3. Appellants allege that the testimony of the complaining witness (the salesclerk) should have been stricken under the Jencks Act, 18 U.S.C. § 3500 (1970). They base this claim on the testimony of the police officer that he faithfully recorded the complainant's descriptions of the robbers on a PD 251 form. However, the officer stated that about an hour later he noticed that some of the words on the form were misspelled so he "recopied the whole thing over", correcting the misspellings. He then destroyed the original because, he testified, he believed he had duplicated the form exactly. The material in the second PD 251 form was made available to the defense.

Under the circumstances, we find as did the trial court, that there was no prejudice suffered by the appellants. There was no issue of identification raised. Both the complainant and the alleged accomplice testified that the appellants were the men who had robbed the store. No bad faith on the part of the police officer was shown. We find that the trial court was correct in not striking the testimony of the complaining witness. *See United States v. Lepiscopo,* 429 F.2d 258, 260 (5th Cir.), *cert. denied,* 400 U.S. 948, 91 S.Ct. 255, 27 L.Ed.2d 254 (1970); *United States v. Covello,* 410 F.2d 536, 545 (2d Cir.), *cert. denied,* 396 U.S. 879, 90 S.Ct. 150, 24 L.Ed.2d 136 (1969).