Charles Henry WILLIAMSON and
Jerry MORRIS *v.* STATE of Arkansas

CR 79-139                                    590 S.W. 2d 847

Opinion delivered November 5, 1979
(In Banc)
[Rehearing denied December 10, 1979.]

*William C. McArthur* and *C. E. Blackburn,* for appellants.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The two defendants, Charles Henry Williamson and Jerry Morris, were charged with criminal conspiracy to commit capital felony murder. The State's proof was that the defendants employed Tommy Lee Baker (a state police officer acting undercover) to murder Jimmy Dale Haney and paid Baker $1,000 in part payment for the contemplated murder. The court, sitting without a jury, found both defendants guilty and imposed sentences of life imprisonment. Five points for reversal are argued, but none has merit.

One of the defendants, Williamson, and the intended victim, Haney, were business associates. They had jointly insured their lives for $50,000, payable to either upon the death of the other. Apparently the other defendant, Morris, accompanied by Williamson, first made an attempt to kill Haney at a motel on September 10, 1977, but that attempt failed.

On September 19 Williamson arranged a meeting with J. O. Stewart, who had actually been working as a confidential informant for the Secret Service in counterfeit money cases. At that meeting, on September 20, Williamson told Stewart that he wanted to have a man killed and asked if Stewart knew anyone who could do it. Stewart said he

thought he could get it done and would undertake to make arrangements.

Stewart reported the matter to the Secret Service. A plan was adopted by which Stewart was to introduce the two defendants to Officer Baker, who was to be presented as an out-of-state "hit man." Those four men accordingly met at a truck stop in Pulaski county on September 24 to arrange for the murder. Officer Baker was wearing a concealed transmitter, which transmitted the conversation to a nearby recording device manned by two other police officers. The conversation (if it took place) leaves no possible doubt about the defendants' guilt. The proposed murder of Haney in return for $2,000 was discussed in detail. Williamson and Baker arranged to meet again the next day. That conversation was also recorded. Williamson paid Baker $1,000 and also gave him a pistol, though it was left up to Baker whether he would use that particular weapon. Two days later the prosecuting attorney filed the present information charging the two defendants with a conspiracy to commit murder.

I. The State introduced the tapes of the two conversations and a typewritten transcription made from them. Officer Baker testified that on March 8, 1979 (two weeks before the trial), he had reviewed the transcript while he listened to the tapes and that it was an accurate recording of the conversations, though he could not remember them word for word. That testimony established admissibility. Webb v. State, 253 Ark. 448, 486 S.W. 2d 684 (1972); Uniform Rules of Evidence, Rule 901, Ark. Stat. Ann. § 28-1001 (Repl. 1979). There is actually no claim that the transcript is inaccurate. Nor is there any claim of surprise, it being indicated that the defense had been given an opportunity to copy the tapes before the trial.

It is argued, however, that a proper foundation for the introduction of the tapes was not laid, because the State did not call as witnesses the two officers who manned the recording device. In the first place, it is not shown what helpful testimony the officers could have supplied, because there is no indication that they could have known at the time whether or not the recording device was working. Second, Uniform

Rule 901, *supra,* provides that the requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Analogously, we held before the adoption of the Uniform Rules that a photograph might be authenticated by a witness who neither took the picture nor was present when it was taken. *Wheeler* v. *Delco Ben,* 237 Ark. 55, 371 S.W. 2d 130 (1963). Here Officer Baker's testimony was sufficient authentication, especially as there was no proof questioning the authenticity of the tapes.

II. It is argued that the gun which Williamson gave to Baker was not relevant and should not have been admitted in evidence. Suffice it to say that the production of the gun tended to corroborate Baker's testimony.

III. Haney testified on direct examination that he and Williamson had taken out the $50,000 joint life insurance policy. On cross examination he said that the insurance agent, John Paul, had brought in the policy (apparently the application) and that Haney had signed it. He admitted, however, that he had never seen the policy and did not know whether it was in force at the time of the offense charged. Defense counsel then moved to strike "the direct testimony of Mr. Haney." It is now argued that the motion should have been granted.

There are two answers to this argument. One, the motion to strike all the witness's direct testimony was too broad, because much of it was about other matters and was admissible. *Martin* v. *State,* 236 Ark. 409, 366 S.W. 2d 281 (1963). Second, the State was entitled to offer proof of motive, even though that proof is not essential in a prosecution for murder. *Sneed* v. *State,* 159 Ark. 65, 255 S.W. 895 (1923). The policy itself did not have to be produced, because it was not closely related to a controlling issue. Uniform Rules of Evidence, *supra,* Rule 1004 (4). If the parties had applied for the policy and thought it was in force, those facts were admissible to show motive, their weight being for the trial judge to decide.

IV. It is argued that the court should not have permit-

ted the State to prove that Morris apparently tried to kill Haney about two weeks before Williamson first sought to engage a professional killer. Inasmuch as Haney had already testified about the insurance coverage, the earlier attempt was admissible to show motive and ill will. Uniform Rule 404 (b); *Freeman* v. *State,* 238 Ark. 804, 385 S.W. 2d 156 (1964). Such an attempt only 14 days before the crime was certainly not too remote to be relevant.

V. Finally, Haney testified on direct examination about Morris's first attempt on Haney's life, though Haney was not then aware of Williamson's complicity. On cross examination Haney admitted that it had been his expressed intention to find Morris and settle the matter himself rather than to appeal to the police for assistance. It is argued that the trial judge should have acquitted both defendants, on the theory that they acted under duress and were justified in plotting to murder Haney. The argument does not merit discussion.

We have examined the record for other possibly prejudicial errors, but find none.

Affirmed.

HARRIS, C.J., not participating.