Homer Lloyd MOORE *v.* STATE of Arkansas

CR 79-227                               605 S.W. 2d 445
Supreme Court of Arkansas
Opinion delivered October 6, 1980

*Skillman & Durrett* by: *Vincent E. Skillman, Jr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Homer Lloyd Moore was convicted of killing Sammy L. Jones outside the Shaneyfelt Clinic in Blytheville, Arkansas, about 1:00 a.m. on September 11, 1977. Moore was charged with first degree murder but was convicted of manslaughter. He was sentenced by the Mississippi County Circuit Court to eight years imprisonment and an $8,000.00 fine.

Moore alleges that three errors occurred during his trial: A tape recording of a phone call to the police station was admitted that had not been authenticated; Moore was not allowed to call as witnesses the police officers who found a pistol in Sammy Jones' truck; and, the court permitted Moore's wife to testify. All of these arguments are without merit and we affirm his conviction.

Moore, a long haul truck driver out of Memphis, Tennessee, came in late on the night of September 11, 1977, arriving home about 12:40 a.m. One of his daughters was not at home and, being concerned about her, he went to look for her. His wife was also not at home but Moore said that he thought his wife was out looking for the daughter. Moore testified that he took his pistol because he feared that he might encounter trouble at that late hour. While searching for his daughter, he saw his wife's automobile parked outside the Shaneyfelt Clinic. Jones was in the car with Mrs. Moore. Moore approached his wife's car on the passenger side and spoke with his wife. When he turned to leave, Jones got out of the car and called "Hey, Dad." Three people testified concerning the events that followed. There were slight variations in their testimony, but none of the differences were critical. All agreed that Moore shot at Jones after Jones yelled to him; Jones ran off and his body was found about 100 to 150 feet from his truck. Two witnesses testified that Jones did not have a gun in his hand. There was no testimony that Jones ever had a gun or had access to a gun. Moore said that he did not see a gun but fired because Jones was coming toward him. After the shooting, Moore took the keys from Jones' truck and drove home.

At 2:45 a.m., less than two hours after the shooting a call was made to the Blytheville police department. The call was

routinely taped and a copy of the tape was admitted as evidence at the trial. The tape went as follows:

1st voice: Police Department, Harrison.

2nd voice: Hello, this is H. L. Moore, 1008 Logan Lane —

1st voice: Yes, sir.

2nd voice: — have you all got a report of Sammy Jones got shot?

1st voice: Where do you live at, sir?

2nd voice: He lives over there on East Street. He's a nigger over there. I shot him awhile ago. I shot him. I don't know whether I killed the sonovabitch or not.

1st voice: What is your name, sir?

2nd voice: H. L. Moore.

1st voice: What did he do, sir?

2nd voice: Him and my wife was sitting together in a car over there at 1:30 in the morning.

1st voice: 1008 Logan Lane?

2nd voice: Yeah. I just got a call. Somebody said he was dead.

1st voice: I'll check on it and if he is —

2nd voice: I hope he is.

1st voice: What is your phone number? I will call you back and let you know.

2nd voice: 763-1932.

1st voice: Okay, sir. I'll check and let you know.

2nd voice: All right.

Moore's first allegation of error is that the cassette tape recording of the telephone call was not authenticated. A police cadet took that call and testified regarding the cassette tape which was a copy made from a master tape kept on all incoming calls. The cassette tape was made by another officer but, according to the cadet, it represented exactly the telephone conversation that morning. The objection is that the copy was not properly authenticated because nobody made a comparison between the master tape and the cassette. The judge held that it was properly authenticated and we find that he was correct. We held the same in almost exactly the same situation in *Williamson* v. *State*, 267 Ark. 46, 590 S.W. 2d 847 (1979).

The second argument relates to a gun found in Sammy Jones' truck. At first the State moved that the defense not be allowed to mention this gun since there was no evidence that Jones had a weapon of any kind or had access to the truck before he was shot. The trial judge agreed with the State and granted the motion. The appellant argues that this was error. However, this argument is virtually moot since during the trial the defense questioned two of the three police officers who searched Sammy Jones' truck and knew of the gun in Jones' truck. There was no objection to this questioning by the State and the gun was, in fact, admitted into evidence. We think the trial court was correct in ruling that the gun was not relevant evidence in this case. Even if it were not correct, the appellant's argument would fail because the error was harmless and was cured for the reasons we have indicated.

Finally, the appellant argues that it was wrong to permit Moore's wife to testify against him since this violated the privilege that exists regarding communications between husband and wife. The appellant concedes that the law in this regard has been changed by Rule 504, Rules of Evidence. Ark. Stat. Ann. § 28-1001 (Repl. 1979). No longer is the privilege absolute but only relates to confidential communications

between husband and wife. There is no indication at all that the wife testified regarding any such confidential communications between her and her husband. She simply testified as to what she saw that night. Parenthetically, the appellant argues that the wife's testimony exceeded the extent of allowable rebuttal testimony, but we find no objection in the record regarding this issue and we do not consider it on appeal. *Bobo* v. *State*, 179 Ark. 207, 14 S.W. 2d 115 (1929).

Affirmed.