**Luther L. AUSTIN, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 9840.**

District of Columbia Court of Appeals.

Argued March 23, 1976.

Decided April 20, 1976.

Peter A. Dingman, Washington, D. C., appointed by this court, for appellant.

Andrea L. Harnett, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Nicholas Gilman, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before FICKLING, KERN AND NEBEKER, Associate Judges.

PER CURIAM:

Appellant was indicted on charges of first degree burglary, armed robbery, robbery, assault with a dangerous weapon, and assault with intent to commit robbery,[1] arising out of an incident in an apartment

---

1.  *See* D.C.Code 1973, §§ 22–1801(a), –2901, –3202, –502, –501, respectively.

on September 22, 1974. Appellant originally entered a plea of not guilty to all counts, but on April 21, 1975, he pled guilty to first degree burglary and the government agreed to dismiss the remaining charges.[2]

Before accepting the guilty plea the trial court advised appellant of the constitutional rights he was waiving, described to him the elements of the offense of first degree burglary, explained the concept of aiding and abetting,[3] and informed him of the maximum sentence he could receive. Appellant stated then that he understood all the judge had told him. He denied having directly committed first degree burglary but admitted that he had aided and abetted.[4] After hearing a summary of the government's case which indicated that appellant had actually participated in the burglary, the court accepted the plea.

On May 13, 1975, prior to sentencing, appellant moved to withdraw his guilty plea. He alleged that he had only aided and abetted the crime but that the probation report stated he actually had committed the crime, and this might lead to a more severe sentence. A hearing was held on June 17 and 27, 1975, the motion was denied on July 8, 1975, and appellant was sentenced to imprisonment for five to twenty years.

■ Appellant now argues that the trial court erred first in accepting his guilty plea since he did not understand the nature of the charges, and then in denying his motion to withdraw the plea before sentencing since there was an insufficient factual basis for the plea. These allegations are without merit. Appellant was fully informed about the concept of aiding and abetting, he specifically acknowledged that he was outside at the scene knowing that others were going to commit the crime, and he admitted that he was "assisting and advising" the other perpetrators. Appellant's plea thus was made voluntarily with understanding of the nature of the charge and the consequences of the plea, and there was a factual basis for the plea, as required by Super.Ct.Cr.R. 11.

■ Moreover, we can find no abuse of discretion in the trial court's refusal to allow withdrawal of the plea pursuant to Super.Ct.Cr.R. 32 after appellant refuted his earlier testimony and claimed at the hearing on his motion that he had *not* known the perpetrators of the crime were going to burglarize the apartment in question. *See Bettis v. United States*, D.C.App., 325 A.2d 190, 195 (1974). The record at the dispositional hearing contains a clear statement by appellant that he knew a burglary was to occur in the apartment, *see* note 4 *supra* and the trial court could have refused to believe appellant's later denials. There is no absolute right of a defendant to withdraw a guilty plea, even in light of a subsequent claim of innocence. *Durante v. United States*, D.C.App., 309 A.2d 321, 323 (1973); *see United States v. Barker*, 168 U.S.App.D.C. 312, 330, 514 F.2d 208, 226–27, *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). Under these circumstances we are not persuaded that the court below abused its discretion in refusing to allow appellant to withdraw his plea.

*Affirmed.*

2. The government also agreed to withdraw any previous offender papers which had been filed and to refrain from allocution at sentencing.

3. *See* D.C.Code 1973, § 22–105.

4. The record at the dispositional hearing contains the following exchange:
THE COURT: Were you at the scene?
[DEFENDANT]: Outside.

⸳ ⸳ ⸳ ⸳ ⸳

THE COURT: You were there well knowing that's what they were going to do?
[DEFENDANT]: Yes, sir.
THE COURT: —these other persons?
[DEFENDANT]: Yes, sir.
THE COURT: You were assisting them and advising them?
[DEFENDANT]: Yes, sir.