358 A.2d 645 (1976)
Andrew N. WHITE, Appellant,
v.
UNITED STATES, Appellee.
Allen S. BUSSEY, Appellant,
v.
UNITED STATES, Appellee.
Nos. 9215, 9438.
District of Columbia Court of Appeals.
Argued February 11, 1976.
Decided May 24, 1976.
As Amended July 9, 1976.
Rehearing and Rehearing en Banc Denied July 12, 1976.
*646 Paul G. Evans, Baltimore, Md., appointed by the court, for appellant White. Howard J. Schwartz, appointed by the court, for appellant Bussey.
Timothy J. Reardon, III, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and Peter K. Mair, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.
Before KELLY, FICKLING and YEAGLEY, Associate Judges.
KELLY, Associate Judge:
Appellants, Andrew N. White and Allen S. Bussey, were convicted of armed robbery, assault with a dangerous weapon, assault on a police officer and possession of a prohibited weapon[1] following a jury trial.[2] Each received sentences of from ten to thirty years for armed robbery and lesser concurrent sentences with respect to the remaining counts.
On appeal, each urges that his identification in court by government witnesses violated his Fifth Amendment right to due process.[3] Bussey contends further that he was denied the effective assistance of counsel. We affirm.
Appellants' convictions stemmed from their alleged involvement in the robbery of a Northeast Washington drug store on the night of February 28, 1974. They first were observed by store detective James Coley entering the store at closing time "at a fast pace." Coley testified that he was assaulted by White, who was wielding a shotgun, and ordered to lie on the floor.
Shortly thereafter, Lieutenant James Nestor of the Metropolitan Police Department arrived at the scene and noticed White walking past the front cash register. White bolted from the store and bowled over the lieutenant who nevertheless managed to retain his grasp on White's jacket.[4] His flight was halted by Officer *647 Leonard Mason who apprehended him a short distance from the store.
As Lieuenant Nestor regained his feet, he observed Bussey emerge from the store carrying a trash can which later was found to contain money seized from the store's safe. Bussey dropped the can and retreated into the store where he was apprehended finally by Lieutenants Nestor and Morris.
With respect to the asserted error in allowing the in-court identifications[5] of both appellants, appellate review of this issue is precluded by appellants' failure to comply with Super.Ct.Cr.R. 12(b)(3) which provides:
A motion to suppress evidence, whether tangible or intangible, shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds of the motion.
Neither appellant filed a pretrial motion to suppress identification evidence, nor is any reason advanced which would excuse this failure.[6]See Grennett v. United States, D.C.App., 318 A.2d 589 (1974).
Bussey asserts finally that he was denied the effective assistance of counsel by reason of the inadequate preparation of his trial counsel. At the outset of trial, both Bussey and his attorney requested the substitution of new counsel. His attorney stated he had been unable to reach any rapport with appellant and that he had not discussed the case with his client since arraignment eight months previous. After a brief inquiry, the trial judge denied appellant's request for new counsel and instead postponed the trial for an hour to allow the pair to confer.
We are unable to determine from the record the extent to which Bussey himself contributed to his counsel's lack of preparation.[7] We note only that an attorney's obligation in this regard is well defined.[8]
With respect to the constitutional question, appellant has failed to specify, and we have been unable to discern, any substantial defense he might have advanced which was excluded as a result of his attorney's shortcomings. See Angarano v. United States, D.C.App., 312 A.2d 295, 299 (1973), petition for reconsideration denied, 329 A.2d 453 (1974) (en banc); Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967). We conclude, therefore, that he was not denied his constitutional right to effective assistance of counsel.[9]
Affirmed.
NOTES
[1] See D.C.Code 1973, §§ 22-2901, -3202, -502, -505(a) and -3214(a) respectively.
[2] Two codefendants of appellants were acquitted of all charges.
[3] Appellants' contention that the trial court lacked jurisdiction to try them for the offense of assaulting a police officer has been resolved adversely to them by our decision in United States v. Thompson, D.C.App., 347 A.2d 581 (1975). Appellant Bussey's complaint that jurors were sleeping during the trial and he was thus denied his Sixth Amendment right to a speedy and public trial by an impartial jury is not supported by the record and is without merit.
[4] White raises a separate contention concerning the use of this jacket at trial. White's wife testified in his defense to the effect that she had never seen the jacket which the government alleged he had worn at the time of the offense. His counsel then asked that White, who elected not to testify at trial, be allowed to don the jacket "to make double sure" that she had never seen it.

Even assuming, as appellant asserts for the first time on appeal, that he had a "testimonial privilege" to don the jacket, the trial court did not err in denying this request in the posture in which it was presented. Clearly, once it had been established that Mrs. White had never seen the jacket, nothing further of evidentiary value could have been gained by allowing White to try it on.
[5] Lieutenant Nestor made in-court identifications of both appellants. White also was identified by Mr. Coley.
[6] In addition, we do not find that the failure to preserve this issue for appeal could support a claim that either appellant was denied the effective assistance of counsel. The sole ground advanced by appellants for suppressing the in-court identification was the failure of the government to conduct pretrial lineups including them. It is not contended, and we find no evidence in the record, that the on-scene confrontations between appellants and the government witnesses were tainted by any impermissible police procedure. Where the confrontation which forms the basis of an identification is not improper, "the reliability of the resulting identification is for the jury to decide." Russell v. United States, 133 U.S.App.D.C. 77, 82, 408 F.2d 1280, 1285, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969).
[7] The attorney stated he had offered to meet with Bussey on weekends. Bussey complained that he was unable to contact his counsel by telephone.
[8] See ABA Code of Professional Responsibility, Canon 6 (1974) and the accompanying Disciplinary Rule 6-101(A)(2). See also ABA Standards, The Defense Function, §§ 3.2, 4.1, 5.1, 6.1 (Approved Draft, 1971).
[9] We do not reach appellant's contention that he was denied the effective assistance of counsel under the standards set in United States v. DeCoster, 159 U.S.App.D.C. 326, 487 F.2d 1197 (1973). We have not adopted that holding so as to modify precedent now binding. See M.A.P. v. Ryan, D.C.App., 285 A.2d 310 (1971).