Reginald W. ATKINSON, Appellant,

v.

UNITED STATES, Appellee.

No. 9936.

District of Columbia Court of Appeals.

Argued March 16, 1976.

Decided Dec. 8, 1976.

Edward W. Sauer, Washington, D. C., appointed by the court, with whom Philip B. Brown, Washington, D. C., also appointed by the court, was on brief, for appellant.

Stephen R. Spivack, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and James N. Owens, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY and FICKLING, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

This appeal is from an order denying, without a hearing, a motion for relief from sentences imposed after convictions of armed robbery,[1] assault with a dangerous weapon,[2] and carrying a pistol without a license.[3]

We affirmed, on July 19, 1974, those judgments of conviction but reversed a conviction of receiving stolen property[4] because the government's proof failed to establish the corporate ownership of the property involved.[5]

Thereafter, appellant moved to vacate the sentences imposed and for his immediate release, urging that such sentences "cannot be shown to conform with fundamental requirements of law." D.C.Code 1973, § 23–110 permits a prisoner in custody to move the trial court to vacate, set aside or correct a sentence upon a showing that the ". . . sentence was imposed in violation of the Constitution of the United States" or "the sentence is otherwise subject to collateral attack . . . ."

In an attempt to make the showing required by that Code provision, appellant first reviewed the circumstances surrounding his arrest and the evidence upon which the convictions were based raising in substance the same issues of ultimate fact which were resolved at the trial by entry of the judgments of conviction which we affirmed. *Atkinson v. United States,* D. C.App., 322 A.2d 587 (1974). Specifically, appellant denied again that he committed the offenses and insisted as he did at the trial that the in-court identification should have been suppressed because the pretrial lineup procedures were impermissibly suggestive.[6] Appellant then represented and for the first time that ". . . minutes prior to trial [he] informed counsel that the security guard pointed [appellant] out to Ms. Fisher in the courtroom."[7] It was in this context that appellant made,

---

1. D.C.Code 1973, §§ 22–2901, –3202.

2. D.C.Code 1973, § 22–502.

3. D.C.Code 1973, § 22–3204.

4. D.C.Code 1973, § 22–2205.

5. *Atkinson v. United States,* D.C.App., 322 A.2d 587 (1974).

6. This contention was rejected by the trial court and was not renewed on appeal. *See White v. United States,* D.C.App., 358 A.2d 645, 647 n. 6 (1976).

7. Ms. Fisher, the key government witness, was the person at whom the pistol was pointed during the robbery. The security guard pursued the two robbers as they fled and assisted in appellant's apprehension.

and also for the first time, the constitutional argument that he was denied his Sixth Amendment right to effective assistance of counsel.[8] He claims in this connection that trial counsel did not (1) properly investigate the criminal complaints, (2) subpoena important records, (3) challenge at the trial and on appeal the sufficiency of the government's evidence to support and sustain the convictions, (4) cross-examine Ms. Fisher and the security guard in regard to the alleged courtroom incident, and (5) did not properly cross-examine other government witnesses. The trial court, without granting a hearing, denied as frivolous the motion to vacate and this appeal followed.

The sole issue of substance is whether the trial court acted properly in denying without a hearing the motion to vacate. Finding no error, we affirm.

■ D.C.Code 1973, § 23–110(c) mandates that a hearing be held on any motion to vacate or otherwise alter a sentence

> [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief . . .

Consequently, if upon examination of such materials in this case it appears that the motion does not state a claim, which if established would require the vacation or alteration of the sentences, no hearing was required. *Cf. Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473, (1962); *White v. United States,* D.C.App., 358 A.2d 645 (1976); *Bettis v. United States,* D.C.App., 325 A.2d 190, 196–97 (1974).

8. U.S.Const. amend. VI.

9. Affirmance was compelled. The evidence established that on January 26, 1973, Ms. Fisher, the cashier at the drug store, was robbed at gunpoint by two men. The two men fled pursued by the security guard of the store and Metropolitan Police Department officers. During the chase there was

■ Put another way, our law permits relief from a sentence only if there were

> . . . constitutional or jurisdictional errors or serious defects in the trial either not correctible on direct appeal or where exceptional circumstances justify
>
> . . .

appellant's failure to make an appropriate claim on his direct appeal. *United States v. McCord,* 166 U.S.App.D.C. 1, 8, 509 F.2d 334, 341 (1974), *cert. denied,* 421 U.S. 930, 95 S.Ct. 1656, 44 L.Ed.2d 87 (1975); *cf. Bettis v. United States, supra.*

■ This court, of course, affirmed the judgments of conviction thus bringing to an end any controversy respecting the identification procedures and the sufficiency of the evidence.[9] Consequently, we need consider only appellant's constitutional claim that he was denied effective assistance of counsel. *White v. United States, supra; Bettis v. United States, supra.*

■ What appears in the motion to vacate, as a basis for the claim is that "minutes prior to trial" the security guard pointed appellant out to Ms. Fisher. Appellant says that trial counsel's failure to bring the incident to the attention of the trial court and his failure to cross-examine in regard to the incident are demonstrations of ineffectiveness. Assuming that there was, in fact, any such in-court communication between the security guard and Ms. Fisher, it would have effected only the weight of the identification testimony and not its admissibility. *Brown v. United States,* D.C.App., 327 A.2d 539 (1974); *In re W.K.,* D.C.App., 323 A.2d 442 (1974).

an exchange of gunfire after which one of the men was observed to throw an object into nearby bushes. The man was apprehended immediately thereafter and clutched in his hand was cash money. Recovered from the bushes was a pistol. The man was later identified as appellant—the man who held and pointed the gun during the robbery.

Moreover, since the in-court identification and the sufficiency of the evidence issues were resolved on the direct appeal, further appellate review of such issues is now foreclosed. *White v. United States, supra; Bettis v. United States, supra.*

■■ A further contention on the ineffectiveness of counsel issue is that trial counsel did not make a proper investigation. Appellant says that if such an investigation had been made it would have disclosed that he was present in the store for the purpose of having filled a prescription for medicated soap. It seems needless to say that any such explanation for appellant's presence in the drug store, even if established, would fall short of meeting the required showing of a substantial defense. As we pointed out in *Angarano v. United States*, D.C.App., 312 A.2d 295, 299 (1973), *petition for reconsideration denied*, 329 A.2d 453 (1974) (en banc):

> What counsel deems to be a potential defense must be shown to be a defense as a matter of law and available on facts known or obvious to counsel to such an extent that failure to present that defense raises it to the standard set for constitutional ineffectiveness.

*See also Thompson v. United States*, D.C.App., 307 A.2d 764, 766 (1973); *Terrell v. United States*, D.C.App., 294 A.2d 860 (1972), *cert. denied*, 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1973). This court, of course, will not engage in vague speculation about the kind of investigation trial counsel might have made or what witnesses he might have called. *United States v. Parman*, 149 U.S.App.D.C. 117, 119, 461 F.2d 1203, 1205 (1971).

In view of the overwhelming evidence of appellant's participation in the robbery, and the flight and exchange of gunfire with the security guard, it is too clear for further discussion that proof of appellant's presence in the drug store for the purpose of purchasing medicated soap would not constitute a substantial defense within the purview of *Bruce v. United States*, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967), and its progeny; *White v. United States, supra; Terrell v. United States, supra; United States v. Hammonds*, 138 U.S.App.D.C. 166, 425 F.2d 597 (1970).

■ Appellant contends also and on the authority of our decision on the direct appeal, *Atkinson v. United States, supra*, that trial counsel demonstrated further his ineffectiveness when he failed to challenge at the trial and on appeal the sufficiency of the evidence to support and sustain the robbery conviction. What he says, in this connection, is that the fruit of the robbery was the property of a corporation and that the government failed to establish as an essential element of its proof the corporate existence. No such issue was raised at the trial or on the direct appeal nor was it even mentioned in the motion to vacate the sentence for armed robbery. The claim is, therefore, not properly before us, and we need not consider it. *But see Jones v. United States*, D.C.App., 362 A.2d 718 (1976); *Neufield v. United States*, 73 U.S.App.D.C. 174, 187, 118 F.2d 375, 388 (1941), *cert. denied*, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199 (1942); *cf. White v. United States*, 66 U.S.App.D.C. 102, 85 F.2d 268 (1936).

We conclude from all of the foregoing that appellant has not demonstrated any right to relief from the sentences imposed. The trial court did not therefore err when it denied without a hearing the motion to vacate. *Machibroda v. United States, supra* 368 U.S. at 495, 82 S.Ct. 510; *White v. United States*, D.C.App., 358 A.2d 645 (1976); *Bettis v. United States, supra; Angarano v. United States, supra; Thompson v. United States, supra; Terrell v. United States, supra.*

*Affirmed.*