Rodney L. PATTERSON, Appellant (No. 82–966),

Huey M. Hudson, Appellant (Nos. 82–1538, 82–1539),

v.

UNITED STATES, Appellee.

Appeal of Huey M. HUDSON (Nos. 82–1538, 82–1539).

Nos. 82–966, 82–1538 and 82–1539.

District of Columbia Court of Appeals.

Argued May 1, 1984.
Decided Aug. 9, 1984.

Edward N. Leavy, Washington, D.C., appointed by this court, for appellant Patterson.

David Lee, Washington, D.C., for appellant Hudson. Harry Toussaint Alexander, Washington, D.C., was on the briefs, for appellant.

Natalia M. Combs, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Kathleen E. Voelker, Thomas J. Tourish, Jr., J. Alvin Stout and Allen Strasser, Asst. U.S. Attys., Washington, D.C., were on the briefs, for appellee.

Before FERREN and ROGERS, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Appellants, co-defendants below, were convicted by a jury of grand larceny in violation of D.C.Code § 22–2201 (1981). Urging reversal, appellants Hudson and Patterson argue that there was insufficient evidence presented at trial to support their convictions. Appellant Patterson also challenges the admission of an out-of-court identification and the propriety of the trial court's conduct. In an unrelated matter, which has been consolidated for purposes of this appeal, appellant Hudson challenges the denial of his motion to withdraw his plea of guilty to one count of possession of a controlled substance. D.C.Code § 33–541(c) (1983 Supp.). We have carefully reviewed these claims and conclude that they are without merit. Accordingly, we affirm.

I

The bulk of the government's case against appellants consisted of the eyewitness testimony of Ray Pasmore, an employee of a delicatessen located at 2430 Martin Luther King, Jr. Avenue, Southeast. At trial, Pasmore testified that on the evening of September 28, 1981, he observed three officers of the Metropolitan Police Department park their unmarked cruiser on the sidewalk in front of the delicatessen. All three officers jumped from the car and chased an unidentified individual up the street. While the police cruiser was left unattended, appellants Hudson and Patterson approached the car. Hudson sat on the hood and waved to Patterson who reached into the open window and removed the police radio from the front seat of the car.

Upon their return, the officers discovered that their portable radio was missing and called for police assistance. Officer Alfred McMaster responded and immediately began an investigation of the theft. Officer McMaster questioned Pasmore who related the events which he had just observed. Pasmore described Patterson and Hudson as the men who had taken the radio and indicated that they were standing across the street from the delicatessen. Hudson and Patterson were arrested and brought to the delicatessen where Pasmore made a positive identification.

Although appellant Hudson did not actually take the radio from the police car, he was nevertheless charged with grand larceny on the theory that he had aided and abetted co-appellant Patterson in the theft. *See Byrd v. United States,* 364 A.2d 1215, 1219 (D.C.1976). Hudson now urges as error the trial court's denial of his motion for a judgment of acquittal due to insufficient evidence.

■ In reviewing a claim of insufficiency, we must consider the evidence in a light most favorable to the government, giving it the benefit of all reasonable infer-

**338**

ences. *Morrison v. United States,* 417 A.2d 409, 412 (D.C.1980); *Hooks v. United States,* 373 A.2d 909, 912 (D.C.1977). We will then reverse a conviction only where there is no evidence upon which a reasonable mind could infer guilt. *Head v. United States,* 451 A.2d 615, 622 (D.C.1982). Guided by these principles, we conclude that there was sufficient evidence presented to permit a jury to find appellant Hudson guilty beyond a reasonable doubt.

■ To establish that an individual aided and abetted another in the commission of an unlawful act, the government must prove that (1) another individual committed the offense; (2) the accused assisted or participated in the offense; and (3) he did so with "guilty knowledge." *Byrd v. United States, supra,* 364 A.2d at 1219 (citations omitted). At trial, Pasmore testified that he watched both appellants approach the unattended police cruiser. As Hudson sat on the hood of the car, he waved to Patterson in a manner which indicated "that it was okay for him [Patterson] to go get it [the radio]." With Hudson acting as lookout, Patterson removed the radio from the car. Approximately twenty-five minutes after witnessing the theft, Pasmore again observed co-appellants Patterson and Hudson standing across the street from the delicatessen.

Based on Hudson's close proximity to the scene of the crime, coupled with his gestures and conduct, it was reasonable for the jury to conclude that he had knowingly encouraged and facilitated the theft. *See Creek v. United States,* 324 A.2d 688 (D.C. 1974). From the evidence presented and the inferences which could logically be drawn therefrom, we conclude that reasonable jurors could have fairly concluded beyond a reasonable doubt that appellant was guilty as charged.

Appellant Patterson also urges error stemming from the trial court's denial of his motion for a judgment of acquittal at the conclusion of the government's case. Specifically, he argues that the discrepancy in Pasmore's description of the color of the coat he wore that evening was so grave that it should have created a reasonable doubt in the minds of the jurors.[1] We disagree.

■ To survive a motion for acquittal based on insufficient evidence, it is not necessary that the evidence presented compel a guilty verdict. *Chaconas v. United States,* 326 A.2d 792, 798 (D.C.1974). The evidence need only allow a reasonable person to find guilt beyond a reasonable doubt. *In re Q.L.J.,* 458 A.2d 30, 32 (D.C. 1982).

■ While the inconsistencies in Pasmore's description testimony may have undermined the strength of the government's case, it did not entirely eliminate the possibility of a finding of guilt beyond a reasonable doubt. At best, Pasmore's testimony concerning the color of the coat was incidental to the critical issue at trial. This minor discrepancy only affected his credibility as a witness and, as such, the resolution of the inconsistent testimony became a question for the jury. *Jones v. United States,* 277 A.2d 95, 99 (D.C.1971). Viewing the evidence in a light most favorable to the government, as we must, we are satisfied that there was ample evidence to support the jury's verdict. Accordingly, the motion for judgment of acquittal was properly denied.[2]

---

1. In his brief, appellant Patterson never specifically identifies this alleged discrepancy. From his statement of facts, we assume that he is alluding to Pasmore's conflicting description of the color of coat worn by the individual who took the radio. Pasmore first described the coat as burgundy. At trial, however, he described it as a blue coat.

2. Appellant Patterson also contends that the government failed to produce sufficient evidence of the value of the radio because it was never physically introduced into evidence. He claims that this omission constitutes reversible error since the jury was not able to inspect the radio and judge its value for themselves. This contention is entirely without merit. The government presented two witnesses to establish the value of the radio. First, an employee

■ Patterson next argues that the circumstances surrounding his show-up identification were unduly suggestive and should not have been introduced into evidence. At the outset, we note that appellant neither filed a pretrial motion to suppress the identification nor objected to its admission at trial. Thus, pursuant to Super.Ct.Crim.R. 12(d), appellant's failure to act waives any challenges thereto on appeal. *See White v. United States*, 358 A.2d 645, 647 (D.C. 1976).

■ Appellant nevertheless maintains that the show-up identification was so unduly "suggestive and conducive to irreparable mistaken identification that he was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). His contention, however, is not borne out by the record. The evidence indicates that Pasmore had an excellent opportunity to view appellants as they approached the police car. Pasmore was standing on the sidewalk in front of the delicatessen about five feet from the police car at the time of the theft. It was undisputed that the area was well lit. Moreover, there was evidence presented that Pasmore was generally familiar with both Hudson and Patterson as they were frequent customers at the delicatessen. Finally, the length of time between the theft and identification was minimal. The show-up occurred only twenty-five minutes after the theft and only moments after Pasmore had pointed out appellants to Officer McMaster. Given the circumstances, we conclude that the identification was suffi-

ciently trustworthy and reliable, and therefore, properly admitted.

■ Finally, Patterson contends he was denied a fair trial because the trial court's intervention during the proceedings was excessive and demonstrated a bias which prejudiced the jury against him. Appellant cites to four instances where he claims the trial court became "over-involved." On two occasions, the court, *sua sponte*, interrupted the examination of witnesses and called counsel to the bench. Appellant, however, has not demonstrated how this conduct exhibited a personal bias against him which swayed the jury's decision. A careful reading of the record reveals that the statements which appellant contends demonstrates the trial court's bias were made at the bench, out of the hearing of the jury. Thus, since the jury was not even aware of the conduct complained of, it is highly doubtful that the trial court's statement could have prejudiced the jury against appellant.

Patterson also complains that twice during the course of the trial, the court unnecessarily intervened to directly question witnesses. It is clear, however, that the inquiries by the court were designed only to facilitate the fact-finding process.[3] Based on our reading of the record, we fail to perceive how this type of judicial involvement could have prejudiced appellant.

## II

In his unrelated appeal, appellant Hudson was charged with two counts of unlawful distribution of heroin, D.C.Code § 33–541(a) (1983 Supp.). On August 10, 1982,

of the Metropolitan Police Department responsible for the repair and maintenance of police portable radios, testified that he was familiar with the type of radio which was stolen. Upon the basis of police radio maintenance records which indicated the age and condition of this particular radio, he estimated that the value of the radio was $1,274. A second witness who qualified as an expert in the field of electronic communications equipment, also testified that the fair market value of this particular type of radio was somewhere between $1,000 and $1,500. In light of the expert testimony of value adduced at trial, we are not persuaded that the

jury's own examination of the stolen radio would have provided more probative evidence of its value. Thus, we must reject appellant's contention.

3. The present case involved two co-defendants and a particularly complex set of facts. As a result, on several occasions throughout the course of the trial, the testimony became unclear and confusing. In an attempt to clarify the facts for the jury, the court made direct inquiries of the witnesses.

he entered a plea of guilty to one count of heroin possession, *id.* § 33–541(c). In exchange, the prosecutor agreed to dismiss the distribution charges. Approximately one month later, appellant, through new counsel, moved to withdraw his plea pursuant to Super.Ct.Crim.R. 32(e).

Appellant asserts that the court erred in denying his motion to withdraw. His claim of error, however, is unsupported by the record. Our review of the plea proceeding unequivocally establishes that appellant's plea was made voluntarily and with an understanding of the nature of the charge and the consequences of the plea. Furthermore, defense counsel at the plea proceeding testified that he had consulted with Hudson at great length the night before he entered the plea. Counsel assured the court that he informed appellant of the consequences of the plea including the maximum sentence which he *could* possibly receive on the charges. He denied ever telling appellant that he *would* receive a thirty-five year sentence.

A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court whose decision will be disturbed on appeal only upon a showing of abuse. *Lorimer v. United States,* 425 A.2d 1306, 1308 (D.C.1981) (citations omitted). In ruling on appellant's motion in the instant case, the trial court credited counsel's version of the conversation and rejected Hudson's assertion of misinformation. On the facts before us, we see no reason to disturb the decision of the trial judge.

We also perceive no abuse of discretion in the trial court's refusal to allow withdrawal of his plea merely because appellant later chose to assert his innocence. Normally, in ruling on a motion for withdrawal, a compelling consideration for the trial court is whether the grounds set forth in the motion are tantamount to a claim of innocence. *Jordan v. United States,* 350 A.2d 735, 737 (D.C.1976). A bald assertion of innocence, however, without any grounds in support thereof, will not give a defendant the absolute right to withdraw his guilty plea. *See Austin v. United States,* 356 A.2d 648, 649 (D.C. 1976). Defense counsel's testimony at the plea proceeding revealed that Hudson, the night before accepting the plea, had admitted to him that he had indeed possessed heroin. Defense counsel revealed this information at the plea proceedings during redirect examination by the government. While we recognize that counsel was only responding to the government's question, the proper response in such a situation would have been to assert the attorney-client privilege and not answer the question. Accordingly, we do not consider this testimony in disposing of the appeal.

Under the circumstances, we are not persuaded that the court below abused its discretion in refusing to allow appellant to withdraw his plea.

Accordingly, the judgments on appeal herein are hereby

*Affirmed.*