**Kevin T. BUTLER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 00–CO–14, 02–CO–688 and 02–CO–677.**

District of Columbia Court of Appeals.

Argued Oct. 16, 2003.

Decided Nov. 26, 2003.

---

Edward D. Joseph, appointed by the court, for appellant.

Sharon A. Sprague, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman, and John Manning, Assistant United States Attorneys, were on the brief for appellee.

Before SCHWELB and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

## I.

Appellant pled guilty to an information alleging two counts of armed robbery.[1] Later, after a number of unsuccessful efforts to lessen his sentence, appellant filed a motion for collateral relief, pursuant to D.C.Code § 23–110 (2001), which is the subject of this appeal. This motion asserts ineffective assistance of his former trial counsel, with respect to the entry of the guilty pleas and for failure to file a motion to withdraw the guilty pleas before sentencing, as appellant had requested. The judge who accepted the pre-indictment pleas is now deceased. Appellant contends in this court that the judge who appointed counsel to represent him, and subsequently conducted a hearing, erred in concluding that the guilty pleas were knowingly and voluntarily entered, and that there was no reasonable probability that a motion to withdraw the pleas, if filed, would have been granted. Upon review of the trial judge's findings and conclusions, we affirm the order denying relief.

## II.

### A. The Pleas of Guilty

In the summer of 1987, appellant and other persons were being investigated re-

---

1. D.C.Code §§ 22–2901, –3202 (1981), recodified at D.C.Code §§ 22–2801, –4502 (2001).

garding a series of similar robberies. On October 21, 1987, as part of a pre-indictment plea agreement, appellant pled guilty to two counts of armed robbery alleged to have occurred on June 19, 1987 and July 21, 1987. Appellant was charged with committing the crimes in concert with others. As part of the plea agreement, the government promised not to prosecute three other armed robbery charges, but did not waive the opportunity to seek pre-sentencing detention and allocution at sentencing. The pleas were entered before the now deceased Honorable Robert Shuker. In accepting the pleas, Judge Shuker, pursuant to Super. Ct. Crim. R. 11, addressed appellant directly and extensively. Appellant, in response to a number of different questions, declared that his decision to plead guilty was voluntary. The judge explained that by pleading guilty, appellant would be waiving a variety of rights, including, in this instance, grand jury consideration of the pending cases, a judge or a jury trial, a right to counsel, a right to cross-examine government witnesses, a right to call witnesses on appellant's behalf, as well as a right to remain silent and require the government to meet its burden. Appellant stated that he understood he was waiving these rights as well as the loss of the right to appeal any questions except any remaining procedural rights.

The government proffered that in the first robbery, appellant entered the store after a co-defendant had gone in and out of the store a few times. Appellant went to the office and obtained money, brandishing a gun. Appellant and the co-defendant also went through cash registers. At least three witnesses identified appellant by photographic array and in a line-up. The co-defendant would have testified that appellant was involved in the robbery.

The government proffered that in the second robbery, appellant returned to the same store. As in the earlier instance, the co-defendant initially walked into the store several times; then the appellant and co-defendant entered with guns. A complainant recognized them from the previous robbery. The co-defendant took money from the cash registers. Appellant was identified by three witnesses.

At the conclusion of the government's proffer, appellant pled guilty to both armed robberies, but denied having possession of a pistol in the second robbery.[2]

### B. Post–Conviction Relief

Shortly after pleading guilty, appellant had a change of heart. He claims he notified trial counsel of his desire to file a motion to withdraw his guilty plea. Counsel never filed the motion, but allegedly misrepresented to appellant that she had filed it and that the judge had denied it. Appellant was subsequently sentenced on February 3, 1988 to eight to twenty-four years imprisonment for one offense, and ten to thirty years as to the other offense, to run consecutively.[3] Over ten years after sentencing, on July 22, 1999, appellant filed a pro se motion pursuant to D.C.Code § 23–110, alleging that his counsel was ineffective for allowing him to be sentenced consecutively instead of concurrently because he only signed one waiver of indictment. Shortly after, appellant received the record of his case from the

---

2. Appellant declined to plead guilty to a misdemeanor weapons charge of carrying a pistol without a license ("CPWL"), D.C.Code § 22–3204 (1981), recodified at D.C.Code § 22–4504 (2001), and the government did not insist that appellant do so.

3. Appellant, through counsel, filed a motion for modification of sentence, which was denied on June 27, 1988. Appellant later filed a pro se motion to reduce or modify his sentence, which the trial court denied on September 20, 1994.

court, and he discovered that his counsel had never filed the requested motion to withdraw his pleas. Whereupon he again sought relief under § 23–110, alleging that he pled guilty because of pressure from his counsel, and that she was ineffective for failing to file the motion to withdraw his guilty pleas and for lying about its disposition. On October 14, 1999, the court denied appellant's motion as to the sentencing issues, without ruling on the question of the withdrawal of guilty pleas.[4] On January 18, 2000, the trial court appointed counsel to represent appellant on the latter question. That motion was filed by counsel on July 11, 2000.

On April 27 and May 2, 2001, the trial court held an evidentiary hearing.[5] Butler and his former attorney testified and their correspondence was admitted as evidence. The trial court found that: (1) Butler understood the plea agreement; (2) Butler asked defense counsel to file a motion to withdraw guilty pleas and no motion was filed; and (3) Butler's counsel misrepresented to him that the motion was filed and denied by the court. The court also found that the evidence proffered by the government regarding Butler's involvement in the robberies was strong. After assessing whether Butler was prejudiced, pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and whether he would have prevailed on his motion to withdraw guilty pleas, pursuant to *Gooding v. United States*, 529 A.2d 301 (D.C.1987), the trial

court concluded that he was not prejudiced because there was not a reasonable probability that defendant's motion to withdraw guilty pleas would have been granted had it been filed. This conclusion is, of course, the central issue of this appeal.

## III.

The standard of review on appeal of a claim for ineffective counsel presents a mixed question of law and fact.[6] *Derrington v. United States*, 681 A.2d 1125, 1132 (D.C.1996). This court accepts the trial judge's factual findings unless they lack evidentiary support, but reviews legal conclusions de novo. *Byrd v. United States*, 614 A.2d 25, 30 (D.C.1992).

## IV.

### Analysis

Appellant contends he was deprived of effective assistance of counsel in the trial court. He asserts he was given deficient representation with respect to the entry of guilty pleas, and also when his counsel falsely advised him that a motion to withdraw the pleas had been filed and denied, when in fact, no motion was filed. We begin our discussion by reference to the familiar decision in *Strickland, supra,* 466 U.S. at 668, 104 S.Ct. 2052. Thus, an accused challenging the constitutional effectiveness of his counsel must demonstrate deficient performance of the counsel as well as a reasonable probability that the deficiency would have prejudiced the ac-

4. Appellant appealed the denial of this motion, and although it is part of the record on appeal, the merits are not addressed in any of the briefs.

5. Appellant contends that the trial court erred in preventing exploration of certain issues at the evidentiary hearing. We find this argument to be without merit. The trial court denied appellant's motion to expand the is-

sues because it found that the available record was sufficient.

6. When the claim for ineffective counsel involves solely a matter of procedure, however, this court will not reverse the decision of the trial judge unless he abused his discretion. *See Matos v. United States*, 631 A.2d 28, 31 (D.C.1993). Appellee urges this standard, but we deem it inappropriate.

cused by causing a difference in outcome. *Id.* at 694, 104 S.Ct. 2052. Appellant asserts his counsel's performance was deficient in at least two ways. As to the entry of the guilty pleas, he argues that counsel's failure to fully consult with him as to specific provisions of the plea bargain caused him to mistakenly plead guilty. Secondly, he argues that if counsel had filed a motion to withdraw the guilty pleas, there is a reasonable probability that the trial court would have granted it.

We note at the outset that this case is to some degree unusual. By necessity, the presiding judge who decided the instant § 23–110 motion is not the judge who accepted appellant's pleas. Nonetheless, we believe there is an ample record for our review. A starting point for resolution of his appeal is the transcript of the hearing mandated by Super. Ct. Crim. R. 11. Despite appellant's protestation that there was only minimal and cursory preparation for his pleas, the record does not support that characterization. Rather the transcript reflects that the hearing was scheduled solely to implement an agreement which both sides had earlier accepted. The trial judge's inquiries to appellant as to the consequences of his pleas were thorough, probing, and unequivocal. Appellant stated on the record during his plea proceeding that he fully discussed his plea with his counsel and he was satisfied with her representation. Indeed, appellant was allowed to plead to one less offense than had been agreed upon. The trial judge's finding that appellant's pleas satisfied the requirements of Rule 11 finds ample support in the record. We conclude appellant has failed to show that he did not receive competent representation at the plea hearing.

 With regard to the failure to attempt to have the pleas vacated, the trial judge found that a motion to withdraw the guilty pleas was requested, counsel failed to file the motion, and counsel misrepresented to appellant that the judge denied it. This satisfies the first *Strickland* prong of deficient performance. We next turn to the question of prejudice. To determine whether appellant was prejudiced, we look at whether the motion to withdraw guilty pleas would likely have been granted. A motion to withdraw a guilty plea is governed by Super. Ct. Crim. R. 32(e).[7] One may move to withdraw a guilty plea under Rule 32(e) by showing that (1) there was a fatal defect in the Rule 11 proceedings under which the guilty plea was taken; or (2) justice demands withdrawal under the circumstances of the case. *Maske v. United States,* 785 A.2d 687, 693 (D.C. 2001). If a motion to withdraw guilty pleas is filed prior to sentencing,[8] the court will permit withdrawal " 'if for any reason the granting of the privilege seems fair and just.' " *Gooding, supra,* 529 A.2d at 301, 306 (quoting *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)). To determine whether a motion should be granted before sentencing, the trial court examines factors including: (1) whether appellant asserted legal innocence; (2) the length of delay between pleading guilty and the desire to withdraw the plea; and (3) whether appellant was represented by competent counsel

---

7. Rule 32(e) states:
 *Withdrawal of plea of guilty.* A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice, the Court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea.

8. We agree with appellant that had the motion been filed, it would have been before the sentencing. The sentencing hearing is therefore irrelevant to the current appeal.

at all relevant times.[9] *Id.* at 306–07. None of these factors is particularly controlling, and they all must be considered in the context of the case. *Id.* at 306.

█ The first factor we consider is defendant's assertion of legal innocence. An assertion of legal innocence is not a prerequisite to withdrawal of a plea, but is one of many factors to be examined. *Pettiford v. United States,* 700 A.2d 207, 218 (D.C.1997). A "bald assertion of innocence ... without any grounds in support thereof, will not give a defendant the absolute right to withdraw his guilty plea." *Patterson v. United States,* 479 A.2d 335, 340 (D.C.1984). The trial judge considers the strength of the government's proffer and the reason the assertion of innocence was not offered at the time of the plea. *Bennett v. United States,* 726 A.2d 156, 166 (D.C.1999). In appellant's pre-sentence and Youth Act Study, he asserted his innocence only with respect to the second armed robbery. The trial court found his assertions to be "vague and conclusory."[10] Appellant claims that a written statement by his co-defendant "may have tended to exonerate" him, but this has never been supported by evidence.[11] Appellant further explains that he failed to assert his innocence initially because he was pressured at his plea hearing. We do not find that to be persuasive, after reviewing the thorough Rule 11 colloquy. Moreover, according to the trial judge, the evidence proffered by the government appeared to be strong, including eyewitness accounts and the co-defendant's testimony. Thus, appellant's assertion of innocence claim, which only relates to the second offense, is not persuasive.

█ We also consider the "length of delay between entry of the guilty plea and the desire to withdraw it ...." *Gooding, supra,* 529 A.2d at 307. Where the delay causes little prejudice to the government, withdrawals are routinely permitted. *Id.* However, all factors must be considered in context. *Id.* at 306. Appellant entered his pleas on October 21, 1987. He claims that he first asserted his desire to withdraw them immediately upon returning to prison following the plea hearing, when he received former co-defendant's letter. He communicated with counsel regarding his desires from the end of October through the beginning of November 1987. It appears from the record that the length of delay between the entry of the pleas and the expressed desire to withdraw them is minimal and would not have prejudiced the government.

In addition to the routinely considered factors, the court may look at "other factors." *Bennett, supra,* 726 A.2d at 170. Appellant urges we consider his "haste and confusion." *Binion v. United States,* 658 A.2d 187, 191 (D.C.1995). He contends that his quick change of heart and the plea proceeding transcript show that his decision to enter his guilty pleas was made in haste and confusion, without thought and deliberation. Rather, the transcript shows that he understood his plea, and his decision to enter his guilty pleas was not made

---

**9.** We addressed the third *Gooding* factor, competency of counsel at the plea proceeding, in Part IV. B, *supra.*

**10.** Appellant contends that had the motion to withdraw guilty pleas been filed, he would have produced a more detailed assertion of innocence. While this may be true, the trial judge had to rule on the evidence before him,

without speculating on the content of future pleadings.

**11.** The government alleged at the sentencing that appellant and his assigns tried to force the co-defendant to sign the letter, but he never did, showing that appellant tried to dominate the co-defendant. The letter was never entered into evidence.

in haste. After analyzing the *Gooding* factors cumulatively, mindful that the question before us is one involving the withdrawal of a pre-sentence plea, we agree with the trial court that if the motion to withdraw guilty pleas had been filed, there was not a reasonable probability that it would have been granted.[12] Appellant therefore does not demonstrate the requisite prejudice under *Strickland,* and the denial of his claim for ineffective counsel pursuant to D.C.Code § 23–110 must be affirmed.

*So ordered.*

---

12. Notwithstanding our affirmance of the denial of relief in this instance, we are mindful that trial counsel failed to meet the ethical obligation imposed upon members of the legal profession. This aspect of this case has been considered by the Board on Professional Responsibility, and upon recommendation of the Board, this court disbarred appellant's former lawyer, by consent, pursuant to D.C. Bar R. XI, § 12.