*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CF-808

TAIJUIAN HENSON, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF2-11055-12)

(Hon. Robert I. Richter, Trial Judge)

(Submitted June 4, 2015                                        Decided August 13, 2015)

*James Klein*, *Samia Fam*, and *Jessica Brand*, Public Defender Service, were on the brief for appellant.

*Ronald C. Machen Jr.*, United States Attorney at the time the brief was filed, and *Elizabeth Trosman*, *Suzanne Grealy Curt*, and *Anne Y. Park*, Assistant United States Attorneys, were on the brief, for appellee.

Before FISHER and BECKWITH, *Associate Judges*, and NEBEKER, *Senior Judge*.

NEBEKER, *Senior Judge*: After pleading guilty to possession with intent to distribute ("PWID") cocaine and additional charges, appellant Taijuian Henson moved to withdraw his plea on the basis that his prior appointed counsel, James Williams, Esq., ineffectively failed to apprise him of an earlier, more beneficial,

plea offer. That motion was denied by the trial court, and forms the basis of his present appeal. Henson now argues that the trial court improperly weighed Williams' ineffectiveness and erred in concluding that even if Williams had performed deficiently, Henson would not have taken the plea offer, and accordingly had not demonstrated prejudice as required by *Strickland*.[1] We agree with the trial court's assessment on the prejudice test, and affirm.

## I.

Henson was indicted on July 11, 2012, with co-defendants Ricardo Wood and Hashim Bright, on charges of PWID cocaine[2] and possession of drug paraphernalia[3] ("PDP"). Henson was also separately charged with possession of marijuana.[4] Shortly thereafter, the prosecutor extended the following plea offer to appellant via his initial Criminal Justice Act-appointed counsel, James Williams, Esq.: if appellant pleaded guilty to attempted PWID cocaine, and agreed to waive laboratory analysis of the drugs recovered in the case, the government would

---

[1] *Strickland v. Washington*, 466 U.S. 668, 687 (D.C. 1984).

[2] D.C. Code § 48-904.01 (a)(1) (2012 Repl.).

[3] D.C. Code § 48-1103 (a) (2012 Repl.).

[4] D.C. Code § 48-904 (d) (2012 Repl.).

dismiss the remaining and greater charges at the time of sentencing, reserve its right to allocute as to whether appellant should be incarcerated pending sentencing, waive any enhancement papers that might apply, and reserve its right to allocute at the time of sentencing. The offer was "wired" to his co-defendants' plea offers, and expired "on the date of the first scheduled status hearing in this matter."

What happened next was then in dispute. According to Henson, Williams never mentioned the plea offer to him. According to the Public Defender Service ("PDS")-appointed counsel, Williams mentioned the plea offer to Henson, but (i) failed to explain why the government's plea offer was extremely favorable to Henson and (ii) to discuss the offer in conjunction with a conversation on the likelihood of success of a motion to suppress. According to Williams, he told Henson about the plea, and explained the offer's terms, but that Henson was disinterested in taking any plea at that time.

On the date of the first status hearing—August 2, 2012—Williams asked the trial court to set a trial date, thereby implicitly declining the plea offer.

At the status hearing, the discord between Henson and Williams was palpable. Henson interrupted the proceedings to tell the trial court that he "would

like to file for insufficient counsel" because Williams continued to "lie" about the circumstances surrounding the search which led to Henson's arrest, and Williams was not "help[ing] me with fighting my case." Henson stated that he "asked [Williams] to put in a motion to suppress evidence" but that Williams had not done so. The trial court subsequently appointed counsel from PDS to replace Williams.[5]

Following the status hearing, the government pursued laboratory analysis of the items seized during the search. Henson's fingerprints were found on a cocaine cutting plate containing crack cocaine that was retrieved in the search.

On December 19, 2012, Henson pleaded guilty to the indictment; in exchange, the government agreed not to file enhancement papers. As part of the colloquy leading to the plea, Henson alleged that he was not aware of the prior plea offer until PDS counsel discussed it with him in relation to the current plea offer. He stated that had he been aware of the prior plea offer he would have accepted it, and requested that the trial court order the government to re-offer the

---

[5] PDS attorney Marie-Pierre Py, Esq., entered an appearance on behalf of Henson on August 9, 2012. She was replaced by fellow PDS attorney Monica Douglas, Esq., on November 1, 2012.

plea deal. The court declined to do so without an evidentiary hearing on the matter, and, after speaking with counsel, Henson decided to plead guilty to the indictment as planned.

Thereafter, Henson and his counsel filed motions to withdraw his December 19, 2012, guilty plea and to reinstate the earlier expired plea offer, arguing that Williams was ineffective in acting on the initial plea offer.[6] The trial court held a hearing on the motions, during which Williams, Williams' investigator William Davidson, and Henson testified. After hearing the testimony, the trial court concluded that: (i) Williams had conveyed the government's initial plea offer to Henson; (ii) Williams reviewed with Henson the difference in possible sentences, should Henson plead guilty or go to trial; and (iii) any imprecision in Williams' calculation of Henson's criminal history score was "immaterial" because he credited Williams' and Davidson's testimony that Henson "expressed no interest in pleading guilty at the point when the plea offer was alive and in

---

[6] Henson filed a *pro se* motion on February 9, 2013, alleging (as discussed above) that Williams never informed him of the first plea offer. PDS counsel filed a second motion on February 21, 2013, arguing that, although Williams had "read [appellant] the terms of the plea offer … he did not explain to [appellant] what his sentencing guideline range would be if he were to accept the plea offer versus what his sentencing guideline range would be if he were convicted of the charged offenses at trial."

effect." Ultimately the trial court denied the pending motions to withdraw Henson's guilty plea because Henson "ha[d] not come close to meeting his burden of showing that he would [then] have accepted the attempt plea had he been properly appr[]ised of it."

## II.

A motion to withdraw a guilty plea is governed by Superior Court Rule of Criminal Procedure 32 (e); if, as here, a motion is filed before sentencing, withdrawal will be permitted "if for any reason the granting of the privilege seems fair and just." *Butler v. United States*, 836 A.2d 570, 574 (D.C. 2003). In evaluating the motion, the trial court must consider "whether the defendant has asserted his or her legal innocence," "the length of the delay between entry of the guilty plea and the desire to withdraw it," and "whether the accused has had the full benefit of competent counsel at all relevant times." *Gooding v. United States*, 529 A.2d 301, 306 (D.C. 1987). However, after considering the above factors, a final determination of whether withdrawal is "fair and just" is committed to the trial court's discretion. *Bennett v. United States*, 726 A.2d 156, 165 (D.C. 1999); *see also Lafler v. Cooper*, —U.S.—, 132 S. Ct. 1376, 1391 (2012) (holding that, where a defendant has demonstrated that his counsel's ineffectiveness caused him

to reject or allow to lapse a plea offer, a trial court may still exercise its discretion, as permitted by the local rules, to craft a remedy); *id*. at 1398 (Alito, J., dissenting). Accordingly, we review for abuse of discretion. *Id.*

Nonetheless, where a trial court makes an error of law, it infects the exercise of discretion. *Ford v. ChartOne, Inc.*, 908 A.2d 72, 84 (D.C. 2006). Here, the trial court was guided in evaluating Henson's motion by the two-part *Strickland* standard, which necessitates a showing (i) that counsel's representation was deficient, and (ii) that deficient representation prejudiced the appellant. *Strickland*, 466 U.S. at 687. Because the standard requires a showing of both essentials, a failure to demonstrate either is fatal. *Id.* at 700.

Henson's primary contention on appeal is that the trial court failed to consider, when determining whether appellant was prejudiced by Williams' assumed deficiency, that "a properly advised Henson may well have changed his mind [about pursuing a motion to suppress evidence] had his lawyer explained that in his professional opinion, a Fourth Amendment motion lacked merit, making the plea the better alternative." To satisfy the prejudice showing, Henson must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at

694. Accordingly, Henson must initially demonstrate "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel," in order to trigger evaluation of whether withdrawing his plea would be fair and just.[7] *Missouri v. Frye*, —U.S.—, 132 S. Ct. 1399, 1409 (2012). We accept the trial court's factual findings as relates to this determination unless they lack evidentiary support, and review its legal conclusions *de novo*. *Mercer v. United States*, 864 A.2d 110, 118 (D.C. 2004).

According to Henson, Williams was required to explain the unlikelihood of success on a motion to suppress "in conjunction with and in relation to a discussion about the relative benefits of taking the plea offer[;]" he alleges the trial court erred as a matter of law when it assertedly failed to consider that aspect in examining the prejudice test. However, we are bound by the trial court's crediting of Williams' testimony. Williams testified that he explained his disinclination to file a motion to suppress "in conjunction with," or in close proximity to, the discussion of the

---

[7] Henson must also demonstrate a reasonable probability that (i) neither the government nor the trial court would have canceled the offer or refused the deal, *id.* at 1410, and (ii) the "end result of the criminal process would have been more favorable[.]" *id.* at 1409. Additionally, because the plea was wired, Henson must "show a reasonable probability that either the government would have waived that condition or his co-defendant[s] would have been willing to plead guilty on the government's terms." *Benitez v. United States*, 60 A.3d 1230, 1237 (D.C. 2013).

plea offer and Henson's possible sentences should he accept the offer or proceed to trial. These factual conclusions are supported by other evidence in the record—namely Henson's outburst at the status hearing, discussed *supra*, which reveals he discussed the merits of a motion to suppress with Williams. Finally, Henson's comments at the status hearing underscore Williams' testimony that appellant was wholly disinterested in taking a plea and wanted to proceed to trial. According to the record, including the testimony of Henson's first PDS attorney, Henson had no interest in accepting a plea offer before the laboratory results linked him to the cocaine. The identification of Henson's fingerprints on the cocaine cutting plate strengthened the government's case considerably and presumably made it less inclined to renew the plea offer that had already expired. Accordingly, we discern no error in the trial court's ultimate conclusion that Henson "expressed no interest whatsoever in pleading guilty" when the plea offer was in effect.

## III.

For the foregoing reasons, we affirm the trial court's denial of Henson's motions to withdraw his December 19, 2012, guilty plea.

*So ordered.*